Hillsborough,
No. 4249.

CHARLES A. CASSIDY *v.* FELLOWS & SON, INC., & a.

Argued January 5, 1954.

Decided January 29, 1954.

*John J. Broderick* and *Maurice A. Broderick* (*Mr. Maurice A. Broderick* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendants Fellows & Son, Inc. and Lumbermen's Mutual Casualty Company.

*Wyman, Starr, Booth, Wadleigh & Langdell* for the defendants Dunbar Fuel Company and Massachusetts Bonding & Insurance Company.

DUNCAN, J.   The ruling of the Trial Court that section 9 of the Workmen's Compensation Law relates to enforcement of orders of the Commissioner against an employer who has failed to comply with section 8 was correct.   Under section 9 execution may be issued on an award by the Commissioner in favor of "an employee of such employer," and "such employer" refers back to the first sentence of the section relating to "employers . . . who fail to comply with the provisions of section 8" requiring security for compensation either by insurance or by proof of "financial ability to pay direct."   Since the defendant Fellows & Son, Inc. is insured as required by section 8, the provisions of section 9 do not apply,

and the plaintiff is not entitled to execution on the award.

The plaintiff urges that although the statute furnishes no method for enforcing an order of the Labor Commissioner not based upon an agreement of the parties (*cf. s.* 34), the Superior Court as a court of equity should have afforded a remedy where the order of the Commissioner had never been modified or vacated. He further asserts that the Superior Court was without jurisdiction to make the "implied finding that the plaintiff had recovered . . . and that there should be a further hearing" before the Commissioner.

The failure of the Workmen's Compensation Law to provide a method of enforcing an award by the Commissioner appears to have resulted from amendment of provisions of the original bill that the Superior Court should enforce the decisions of an "industrial accident commission" proposed by the bill. See House Bill 35, *s.* 44 (1947 session); House Journal (1947 session) 966. Upon amendment, these provisions became section 40 of the present law, bearing the inappropriate title "General Powers of Commissioner of Labor," and providing that "questions . . . not settled by agreement of the parties . . . with the approval of the commissioner . . . shall be determined by the superior court," the decisions of which "shall be enforceable in the same manner as an equity decree."

No claim is made that the plaintiff's petition was an appeal from the Commissioner's award (*s.* 35). The Court's jurisdiction rested upon section 40, *supra,* since one question presented was whether a further award of "full benefits due" should be made. The plaintiff was properly remitted to proceedings before the Commissioner since the Commissioner made the original award. *S.* 38.

With respect to compensation for temporary total disability the plaintiff takes the position that an award had been made by the Commissioner in his favor, which he is entitled to enforce until it is modified or vacated. *Cf. Eaton* v. *Eaton,* 90 N. H. 4, 8. The fact is that although either party was free to seek a review of the award (*s.* 38), neither clearly did so. While, as the defendants point out, sections 21 and 23 of the Law provide that payments for temporary disability "shall not continue after the disability ends," there has been no judicial determination that the plaintiff's temporary disability has ended. In the usual case where an employer or his insurer claim that disability has ended, orderly procedure would dictate that the burden should be upon them to

seek review by a suitable petition to the Commissioner or Court, as the case may be. *S.* 38, *supra.*

The special circumstances of this case, however, furnished some justification for the action taken by the insurer in suspending payments and warranted the finding of the Trial Court that the Commissioner's findings were incomplete, and its ruling that the plaintiff's remedy was by petition to the Commissioner for further hearing. The Commissioner's order while not self-limited in point of time, indicated upon its face that the matter should be reviewed after the plaintiff "has fully recovered from the operation," and that medical benefits would terminate on or about September 13, 1952. Under date of September 12, 1952, plaintiff's counsel requested the Commissioner for an extension of the period for medical benefits (*s.* 19), and on the same date the certificate of the attending physician was issued indicating that the plaintiff was able to return to work. On September 15, the insurer wrote the Commissioner suggesting that in view of the physician's certificate, payment of temporary total disability compensation beyond September 12 should not be required, and requesting the Commissioner to review "the file" with this in mind. On September 17, plaintiff's attorney wrote the Commissioner, sending a copy to the insurer, stating that the plaintiff would "go to work at the earliest opportunity, but it is not yet established what employers will hire him in his present condition," and concluding: "Since he has a permanent disability, I anticipate there may be need for further hearing on that issue." The Commissioner replied by letter dated October 2, stating that "unless you have some further medical evidence that the rehabilitation [by therapy treatment] is necessary I do not feel justified in granting an extension [of medical benefits] at this time," but giving no notice of any hearing on review. The exchange of correspondence did serve however to indicate a common understanding that a further hearing before the Commissioner was in order.

With this evidence before it, the Court, sitting in equity, committed no error in leaving the plaintiff to his remedy before the Commissioner. So far as the question of permanent disability was concerned the Court had no discretion to do otherwise, in view of the provisions of section 38 for an application for review to the Commissioner or the Court "whichever made the original award."

We are not prepared to suggest that no other course was open with respect to the order for compensation for temporary disability,

even though no procedure for the enforcement of an award by the Commissioner is provided by the Law. But assuming that the Court had the power to enforce the award despite the absence of statutory procedure, no error can be predicated upon the course taken upon the evidence before it, in the face of the statutory provisions that payments on account of temporary disability should not continue after the disability had ended. Ss. 21, 23, supra. We see no basis for implication of a finding by the Court that the plaintiff had recovered. The Commissioner made no final award, but in effect retained jurisdiction of the original application, pending termination of temporary disability due to the operation. The question of the liability of Dunbar Fuel Company, Inc. was still before the Commissioner. This was recognized by the finding of the Court that "the findings of the Commissioner are . . . incomplete." The Court did not purport to make findings on the merits, and any rights which the plaintiff may have can be established before the Commissioner.

*Exceptions overruled.*

All concurred.