Coos,
No. 4992.

ROLAND A. CHALOUX

*v.*

CHALOUX OIL COMPANY & *a.*

Argued November 8, 1961.

Decided December 27, 1961.

*Walter D. Hinkley* and *Paul Donovan* (*Mr. Donovan* orally), for the plaintiff.

*James J. Burns* for the defendant National Fire Insurance Company of Hartford.

The defendant Chaloux Oil Company furnished no brief.

BLANDIN, J.   The parties agree that the sole issue before us is whether the plaintiff's petition for modification of his award under

RSA 281:40 is barred by the one-year limitation contained therein. The material portions of this statute are as follows:

"Upon application of any party in interest upon the ground of change in the conditions, mistake as to nature or extent of injury or disability, fraud, undue influence or coercion, the commissioner of labor . . . may, not later than one year after the date of the last payment fixed by the award, review said award, and upon such review, may make an order ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter . . . . "

The defendant argues that since over a year elapsed between the date of the last payment to the plaintiff under his award, which it claims was March 13, 1958, and the filing of his petition for a modification on November 30, 1959, he cannot maintain his action under s. 40, *supra*.

If the defendant's position is sustained, it means that the plaintiff had lost his rights even before the agreement between him and the defendant as to his award was filed and approved by authority of the Labor Commissioner as required by RSA 281:36. The difficulty with the defendant's position is that RSA 281:40, with its one-year limitation, was not applicable to the situation here prior to the approval of the award by the Commissioner, on December 8, 1958, which was less than a year before the petition for modification was filed on November 30, 1959. *Croteau* v. *Harvey & Landers*, 99 N. H. 264, 266. When the payments were made there was no award, since the agreement had not been approved. *Croteau* v. *Harvey & Landers, supra*. Hence the last payment of March 13, 1958 was not a "payment fixed by the award" within the meaning of section 40. *Prassas* v. *Company*, 100 N. H. 209, 211. Were section 40 interpreted to apply to such facts as exist here, the defendant in any case, merely by delaying the filing of the petition with the Labor Commissioner, could deprive the plaintiff of his right to a review of his award. The injustice which would result from such an application of the statute need not be labored, though it furnishes persuasive evidence that such a construction was not intended. *Peterborough Savings Bank* v. *King*, 103 N. H. 206, 209.

It follows that the plaintiff may maintain his petition and the order is

*Remanded.*

All concurred.