Merrimack,
No. 6001.

### ROMAN CATHOLIC BISHOP OF MANCHESTER *& a.*

*v.*

### MARJORIE W. NYHAN

June 2, 1970.

*Devine, Millimet, McDonough, Stahl & Branch (Mr. Joseph M. McDonough* orally ), for the plaintiffs.

*Hall, Morse, Gallagher & Anderson (Mr. G. Wells Anderson* orally ), for the defendant.

DUNCAN, J. This is an appeal to the superior court ( RSA 281:37; *Knight Broadcasting Co.* v. *Kane,* 109 N.H. 565, 258 A.2d 355 ), from a decision of the Labor Commissioner awarding workmen's compensation to the defendant Marjorie W. Nyhan. The plaintiffs who are defendant's employer and its insurer, seek a decree that she is not entitled to further compensation or benefits under the Workmen's Compensation Law. On an agreed statement of facts, and certain exhibits, the Trial Court ( *Flynn,* J. ) reaffirmed the decision of the Labor Commissioner and dismissed the appeal. The questions of law presented by the plaintiffs' exceptions were reserved and transferred by the presiding justice.

Mrs. Nyhan was injured on October 22, 1964, when her hip was fractured in a fall suffered in the course of her employment at Bishop Brady High School in Concord. An operation was performed on the hip on October 24, 1964. Under date of May 24, 1965 the parties entered into an agreement for "temporary total or partial disability compensation," to be paid "until terminated in accordance with the provisions of the Workmen's Compensation law." The agreement further stated: "If injury results in permanent partial disability employee shall receive compensation at a rate to be later determined."

On September 8, 1965, Mrs. Nyhan was able to resume work, and the plaintiffs ceased payment of compensation. Under date of September 27, 1965 they filed with the Commissioner a "supplemental report of injury" indicating that Mrs. Nyhan had returned to work at the wages earned before injury. No agreement for final payment of compensation was executed, and on March 28, 1968 Mrs. Nyhan again became disabled. In June, 1968, a second operation was required to remove a nail and plate inserted in the hip during the first operation. Later, on January 6, 1969, a third operation was required to insert an artificial ball in the hip joint.

On August 23, 1968, after the plaintiffs had denied liability for further compensation, Mrs. Nyhan filed a petition for review with the Labor Commissioner. *See* RSA 281:40, as enacted by Laws 1961, 194:16. After hearing, under date of October 3,

1968, the Commissioner ordered that compensation payments be resumed as of March 28, 1968.

The statute then in effect provided that a petition for review "based upon change in conditions [or] mistake as to nature or extent of injury," must be filed "not later than one year after the date of the last payment of compensation fixed by agreement under section 36 . . . ." Laws 1961, 194:16. The issue presented is whether the employee's petition was barred by this statutory provision. We are of the opinion that it was not.

It is the plaintiffs' contention that since the "last payment" made under the agreement for temporary compensation was made in September 1965, the one year limitation imposed by the statute had expired before the employee's petition for review was filed on August 23, 1968. In fact however, the last payment made in 1965 before the employee returned to work was not a final payment under the statute, since no agreement or determination had then been made that she had been compensated in full. The evidence is that the employee never signed a final receipt although she was requested by the plaintiffs to do so, because she was still under the care of her physician.

The plaintiffs never sought to have their liability terminated on petition under section 40. *Cassidy* v. *Company,* 98 N.H. 441, 444-45, 102 A.2d 499, 501. Neither did they file any "Final Report and Receipt for Compensation" (Form No. 11 WC), or any "Report of Final Payment of Compensation" (Form No. 15 WC), the latter of which, by regulation of the Labor Commissioner, is to be filed "to enable [him] to close the file . . . *only* where final settlement receipt is not obtainable." *See* RSA 281:52. *Cf. Chaloux* v. *Chaloux Oil Co.,* 103 N.H. 539, 176 A.2d 192.

The result is that the limitation imposed by section 40 of the act did not run, because no "last" or final "payment" of compensation was ever agreed upon and approved by the Commissioner. *Chaloux* v. *Chaloux Oil Co., supra.* Hence the employee's claim was still pending before the Commissioner in August 1968, and the Commissioner's order for the payment of further compensation to the defendant was properly entered.

*Exceptions overruled; appeal dismissed.*

All concurred.