Merrimack,
No. 6001-a.

ROMAN CATHOLIC BISHOP OF MANCHESTER *& a.*

*v.*

MARJORIE W. NYHAN.

October 30, 1970.

*Devine, Millimet, McDonough, Stahl & Branch,* for the plaintiffs.

*Hall, Morse, Gallagher & Anderson,* for the defendants.

DUNCAN, J. Following dismissal of the plaintiffs' appeal from the decision of the Labor Commissioner reported in *Roman Catholic Bishop* v. *Nyhan,* 110 N.H. 275, 266 A.2d 215 ( 1970 ), the defendant's motion seeking interpretation of the provisions of RSA 524:1-b, as inserted by Laws 1967, ch. 407, was granted by this court.

The section of the statute in question, as amended by Laws 1967, effective September 5, 1967, provided in pertinent part as follows: "524:1-b. Interest from Date of Writ. In all other civil proceedings . . . in which . . . a finding is made for pecuniary damages to any party . . . for compensation due under

the provisions of RSA 281, workmen's compensation law, and awarded by a superior court on appeal from a ruling of the labor commissioner pursuant to RSA 281:37 and 40, there shall be added by the clerk of court to the amount of damages interest thereon from the date of . . . the filing of the petition to the date of entry of final judgment, even though such interest brings the amount of the verdict or findings beyond the maximum liability imposed by law; provided, however, that in workmen's compensation cases, interest shall not be allowed for future disability benefits not due and payable until after entry of final judgment. " Laws 1967, 407:1. *See Hanchett* v. *Brezner Tanning Company,* 107 N.H. 236, 221 A.2d 246 ( 1966 ).

The issues presented by the motion are whether interest shall be added to the compensation found to be due the defendant in view of the fact that the injury occurred before the effective date of the 1967 amendment; and if the statute does apply, whether interest shall be paid only upon weekly benefits found past due, or shall also be paid upon the medical expenses, which exceed $ 3600.

The defendant's right to interest is not open to serious question. *Pepin* v. *Beaulieu,* 102 N.H. 84, 151 A.2d 230 ( 1959 ). Whether it extends to interest upon the medical expenses is more problematical. As the parties recognize, the Workmen's Compensation Law ( RSA ch. 281 ) uses the term "compensation" in certain provisions in a broad sense, to include all payments made under the act ( RSA 281:16, 28 ) and in certain other provisions, distinguishes between "weekly compensation" ( RSA 281:22, 23, 25, 26 ) and other "payments, including medical, hospital services, and other remedial care under section 21 . . . . " RSA 281:30 as amended by Laws 1967, 403:16. *See also* RSA 281:14.

We are of the opinion that in providing in 1967 for the payment of interest upon compensation found to be due under RSA ch. 281, the legislature intended to require the payment of interest upon compensation in the broad sense, without restriction to weekly compensation or disability payments only. This intention is indicated in part by the statutory reference to RSA 281:37 and 40. While section 40, imposing a time limit upon review of decisions of the Labor Commissioner, expressly provided that section 40 should not apply to requests for extensions of medical and hospital benefits, section 37 provided for hearings and awards by the Commissioner in case of "dispute as

to the employer's responsibility for medical and hospital benefits, or other remedial care . . . . " as well as in cases where compensation could not be agreed upon. Thus, the express reference to section 37 found in the 1967 amendment of RSA 524 : 1-b is an indication that the legislature intended interest to be recoverable upon awards relating to such expenses.

Moreover, before the 1967 amendment, the interest statute provided, as it does now, for interest upon a verdict or finding "for consequential damages . . . or for any other type of loss for which damages are recognized . . . . " Laws 1963, 293 : 1. *See* RSA 524 : 1-b ( supp. ). Thus in 1967, the statute already entitled plaintiffs in tort cases to receive interest upon verdicts which included hospital and medical expenses. We find no indication that the legislature intended the rights conferred upon beneficiaries under the Workmen's Compensation Law to be any more restricted. This conclusion as applied to this case is not affected by the proviso found at the conclusion of RSA 524 : 1-b as amended in 1967, since "future disability benefits not due and payable until after entry of final judgment" are not here involved.

We note that by Laws of 1969, ch. 187, effective August 1, 1969, which governs "all proceedings arising out of injuries sustained on and after" that date, the provisions for interest upon compensation under the Workmen's Compensation Law were stricken from RSA ch. 524. Laws 1969, 187:3. *See also* Laws 1969, 358:1. *See* N. H. Judicial Council, Twelfth Report 46, 121 ( 1968 ). In place thereof were substituted the provisions now found in the Workmen's Compensation Law ( RSA 281 : 37-a ( supp. ) ) restricting interest to "that portion of any award the payment of which is contested." Laws 1969, 187:1. The 1969 statutory changes do not affect the rights of the defendant in this case. Laws 1969, 187:3. We hold that she is entitled to interest upon the medical expenses in question.

*Remanded.*

All concurred.