### BLAKE v. PORTSMOUTH AND CONCORD RAILROAD.

By the statutes of this State, a suit may be maintained by or against any corporation for three years after the expiration of its corporate powers, whether they expire by express limitation, or otherwise.

The word "*may*," in a statute, is to be construed "*must*" or "*shall*," where the public interest or rights are concerned, and the public or third persons have a claim *de jure* that the power should be exercised.

No repeal of the charter of a corporation can take away or impair the remedy of a creditor against it for previously incurred liability, or affect a pending suit against it.

ASSUMPSIT. The writ was dated July 31, 1857, and was brought to recover compensation for divers goods, wares and merchandize, alleged to have been sold and delivered by the plaintiff to the defendants, at their request, before January 1, 1853. The action was entered in the Common Pleas for this county, November term, 1857, and was carried from thence by appeal to the Supreme Judicial Court, where counsel for the defendants appeared specially, for the purpose only of moving to dismiss it, because, by various proceedings under acts of the legislature of the State, the defendant corporation had ceased to exist, and therefore the action could no longer be maintained.

The charter of the Portsmouth and Concord Railroad, granted July 1, 1845, created a corporation with authority to construct and forever maintain a railroad between Portsmouth and Concord, with all the rights, powers and franchises incident to corporations of a similar nature, including the right to sue and the liability to be sued.

By the act of July 13, 1850, the defendants were authorized to mortgage their railroad and all their corporate franchise to trustees, to secure the payment of certain bonds which they were authorized to issue. These bonds were issued, and on the 20th day of August, 1850, a mortgage was made and executed by the corporation, in accordance with the provisions of said act, conveying to

three trustees, therein named, the railroad and all the corporate franchises of the corporation. On the 31st day of May, 1855, the defendants surrendered up to the trustees their road and all the corporate property and rights.

On the 14th day of July, 1855, the legislature passed an act constituting the Concord and Portsmouth Railroad a corporation with authority to purchase and hold the railroad and corporate rights and powers of the Portsmouth and Concord Railroad.

On the first day of September, 1857, in pursuance of the authority vested in them by the mortgage, and by acts of the legislature, the trustees aforesaid sold and conveyed to the Concord and Portsmouth Railroad, which had been duly organized under its charter, the road and other property, real and personal, and all the rights, franchises, legislative grants, &c., of the Portsmouth and Concord Railroad.

*James W. Emery*, for the defendants.

*W. H. Y. Hackett*, for the plaintiffs.

FOWLER, J. In the view we have taken of the present case it is wholly unnecessary to consider or determine the question, so ingeniously discussed by the learned counsel of the parties, as to whether or not the conveyance by the trustees, on the first day of September, 1857, to the Concord and Portsmouth Railroad, of all the corporate rights and powers of the Portsmouth and Concord Railroad, virtually extinguished the defendant corporation, on the well established principles of the common law, as recognized in the decisions of the courts. For, conceding the general correctness of the position assumed by the defendant's counsel, it would not affect the prosecution of this suit; since, by the positive language of the 23d section of the 146th chapter of the Revised Statutes, it is expressly provided, that " any corporation whose powers may expire

by express limitation,, or otherwise, on any day, may continue to be a body corporate for the space of three years thereafter, for the purpose of prosecuting and defending suits," &c., " but not for continuing the business for which such corporation was established," &c. (Compiled Laws 319.)

Upon the familiar principle, that the word "*may*," in a statute, is to be construed "*must*" or "*shall*," where the public interest and rights are concerned, and the public or third persons have a claim *de jure* that the power should be exercised, this section requires the corporate existence to be continued for three years after it would otherwise be terminated, for certain purposes, among others, that of defending suits. *Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch. 113, and authorities; *Malcolm* v. *Rogers*, 5 Cow. 188; *Alderman Backwill's Case*, 1 Vern. 152; *Rex* v. *Barlow*, 2 Salk. 609; *Stampar* v. *Millar*, 3 Atk. 211; *Attorney-General* v. *Lock*, 3 Atk. 166; *Rex* v. *Inhabitants of Derby*, Skin. 370; 1 Peters 64.

Besides, the position that the Portsmouth and Concord Railroad, whose charter was originally perpetual, have ceased to exist, has been and can be maintained only upon the ground that the act authorizing them to mortgage their franchise, and the act empowering the Concord and Portsmout Railroad to purchase and hold those franchises, with the consequent action in accordance therewith in executing the mortgage, and in making the sale and conveyance, have operated to repeal the charter of the Portsmouth and Concord Railroad. But it is clearly provided by the 26th section of the same 146th chapter of the Revised Statutes, as modified by the 2d section of the 48th chapter of the laws of 1847, that no repeal by the legislature, of the charter of any corporation, " shall take away or impair any remedy given against such corporation, its members or officers, for any liability which shall have been previously incurred. (Comp. Laws 319.) The plaintiffs in

the present suit are pursuing their remedy to enforce the liability of the corporation to pay a debt, incurred previously to the time when it is contended their charter was virtually repealed, and they are, therefore, entitled to pursue that remedy, even though the charter be expressly or impliedly repealed.

Moreover, it is enacted, by the 26th section of the first chapter of the Revised Statutes, that "the repeal of any act shall in no case affect any act done, or any right accruing, accrued, acquired or established, or any suit or proceeding had or commenced in any civil case, before the time when said repeal shall take effect." (Comp. Laws 45.) Now, upon the construction for which the counsel for the defendants contends, the repeal of the charter of the Portsmouth and Concord Railroad did not take effect until the conveyance from the trustees to the Concord and Portsmouth Railroad, September 1, 1857. Yet the present suit was commenced July 31, 1857, and it was, therefore, a suit or proceeding had and commenced in a civil case before the repeal of the defendant's charter took effect, and so, by the explicit terms of the statute, not to be affected by that repeal.

From these various considerations, the motion to dismiss must be denied.

*Motion denied.*