Rockingham,
No. 4561.

HAROLD SPRINGER & a.

*v.*

RICHARD H. HUNGERFORD, *Supt. Laconia State School.*

Argued February 6, 1957.

Decided March 26, 1957.

*Sleeper & Mullavey (Mr. Mullavey* orally), for the plaintiffs.

*Louis C. Wyman*, Attorney General, *Arthur E. Bean, Jr.*, Assistant Attorney General and *William E. Lovejoy*, Law Assistant (*Mr. Bean* orally), for the defendant.

KENISON, C. J. The plaintiffs seek the release of their minor child from the defendant's custody on the ground of noncompliance with the juvenile court law. Their first contention is that although juvenile delinquency proceedings may be heard "in an informal manner" (RSA 169:9) and the court is not bound "by the technical rules of evidence" (RSA 169:26), the court must hear evidence under oath. See anno. 43 A. L. R. (2d) 1128. The second contention is that no minor can be committed to the Laconia State School until notice has been given that the sanity of the minor child is in issue and there has been a finding that the child is either feeble-minded or insane. RSA 169:18. The precise nature of the first contention appears in the record as follows: "COURT: Your position is not, Brother Mullavey, that the Court was without jurisdiction but rather they committed an error within the framework of its jurisdiction by receiving evidence without being sworn? MR. MULLAVEY: That's right, your Honor. COURT: By receiving unsworn evidence in testimony. MR. MULLAVEY: Yes."

At the threshold of the dispute, however, we are faced with the proposition that *habeas corpus* is not the proper remedy and that the questions attempted to be transferred should be determined on the pending appeal. New Hampshire has usually followed the general common-law rule that *habeas corpus* is not a substitute for an appeal or writ of error or other similar proceedings for the review by a court of competent jurisdiction of errors and irregularities. *State* v. *Shattuck*, 45 N. H. 205; *Kruzas* v. *O'Dowd*, 83 N. H. 173. The distinction has been stated in *State* v. *Towle*, 42 N. H. 540, 541 as follows: "There is no doubt of the power of the court to look into the proceedings so far as to see whether the court pronouncing sentence had jurisdiction to do it. If it be found that it had no jurisdiction its judgment is void, and on *habeas corpus* the person imprisoned under it will be discharged. But if the court had jurisdiction of the subject matter and the party, its judgment is final and conclusive, and must stand until revised by appeal, writ of error, certiorari, or other proceeding in some higher court, instituted for that purpose; and can not be examined and revised collaterally by the writ of *habeas corpus*." To the same effect see *State* v. *Coan*, 91 N. H. 489; 76 A. L. R. 468.

When a petition for *habeas corpus* does not lie we have frequently treated the petition as though it were amended into the proper proceeding whenever the record below was such that the question could be disposed of in this court. *Carpenter* v. *Berry*, 95 N. H. 151; *Fitzgibbons* v. *Hancock*, 97 N. H. 162. If the municipal court of Portsmouth had no jurisdiction in this matter, it is clear that *habeas corpus* would be a proper proceeding to obtain the release of the minor child. *State* v. *Ray*, 63 N. H. 406. However, if the procedure in the municipal court of Portsmouth was irregular or defective, this does not necessarily deprive it of jurisdiction or make its committal order void. *Petition of Morin*, 95 N. H. 518:

We are unable to ascertain from the record whether or to what extent the evidence before the municipal court was not under oath. While the mother of the child testified that no testimony was given under oath while she was "there in the Judge's chambers," the State was unable to say what took place in the municipal court. In other words we have no way of ascertaining the amount or extent of unsworn testimony that was given and are unable to pass upon the first contention raised by the plaintiffs. *Adams* v. *Severance*, 93 N. H. 289, 296. This would still be true even if we were to waive the general rule that such matters should be determined upon appeal. *State* v. *Lefebvre*, 91 N. H. 382.

What has been said concerning the first contention is equally applicable to the second. Both appear to relate to alleged errors, irregularities and defects which at most would make the committal voidable and not void and relate to matters that can be determined on appeal on a proper record. *State* v. *Shattuck*, 45 N. H. 205. In *Carpenter* v. *Berry*, 95 N. H. 151, and *Fitzgibbons* v. *Hancock*, 97 N. H. 162, the record was sufficient to decide the questions raised on *habeas corpus* even though it may have been a mistaken remedy. That is not true in this case and therefore the general rule governs that *habeas .corpus* will not lie where an appeal provides for effective remedy. Note, 70 Harv. L. Rev. 827, 872.

We are aware of the fact that the great writ of *habeas corpus* is now available to one restrained of his liberty in many instances where it was not used at common law. However the expanding function of *habeas corpus* is still reserved for those questions which involve fundamental freedoms and occasions of pressing necessity where other remedies are inadequate or ineffective. *Sunal* v. *Large*, 332 U. S. 174. Since the rights of this minor may be fully protected

by appeal, the Superior Court's order denying the petition for *habeas corpus* is sustained and the order is

*Exceptions overruled.*

WHEELER, J., took no part in the decision; the others concurred.