Original
No. 6489

BRUCE J. BELTON

v.

JOSEPH VITEK, WARDEN OF STATE PRISON

April 30, 1973

*Bruce J. Belton,* pro se.

*Warren B. Rudman,* attorney general, and *Thomas B. Wingate,* assistant attorney general, for the defendant.

PER CURIAM. The issue raised by the plaintiff in his petition for a writ of habeas corpus is whether his return to State prison as a parole violator following a district court finding of probable cause that he had committed a felony satisfied the *Morrissey v. Brewer* procedural due process requirement of a preliminary finding of probable cause that he had violated a condition of his parole when he committed the felony.

The plaintiff, a parolee, was brought before the Manchester District Court for a probable cause hearing on a charge of grand larceny. The State parole officer had been notified of the scheduled probable cause hearing and had obtained a parole board arrest warrant. RSA 607:46. The complaint

in the parole board arrest warrant charged the plaintiff as a violator of the terms of his parole, reciting that the plaintiff had been arrested, arraigned, and scheduled for a probable cause hearing on the charge of grand larceny.

The plaintiff was represented by court-appointed counsel at the probable cause hearing. Following the hearing, the plaintiff was ordered bound over to the superior court. The State parole officer was present at the probable cause hearing, and after probable cause was found, he immediately arrested the plaintiff under the parole board warrant and arranged for the plaintiff's return to the State prison on the same day. The complaint in the parole board arrest warrant shows that the basis of his arrest thereunder was that he had been charged with the commission of the felony, on which charge the probable cause hearing was held. Within a week, the State board of parole, after a hearing (RSA 607:47), found that the plaintiff had violated the terms of his release, revoked his parole, and directed the State prison warden to receive and hold him for the remainder of the term of his maximum sentence, as provided by RSA 607:48 (Supp. 1972).

Soon thereafter, the plaintiff, pro se, filed with this court a petition for a writ of habeas corpus. He refused the court's offer to provide him with counsel. His motion for summary judgment after the warden's answer and motion to dismiss had been filed was denied by the court. Memoranda of law were filed by the parties. New Hampshire Legal Assistance notified the court that it had accepted the plaintiff's request for assistance, but that because the plaintiff's pleadings and memoranda of law in the case were adequate, his pro se status should continue.

*Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), held that the liberty of a person on parole is protected by the fourteenth amendment to the United States Constitution and can be terminated only in accordance with requisite procedural due process. According to *Morrissey,* part of that requisite procedural due process is that a parolee arrested and detained for a violation of a condition of his parole is entitled, after due notice, to a reasonably prompt "minimal inquiry" at or reasonably near the place of the alleged parole violation or arrest by an "uninvolved" judicial

or administrative officer who shall conduct a "preliminary hearing" to determine whether there is probable cause to believe that the arrested parolee has committed acts constituting a violation of his parole conditions.

Under *Morrissey,* plaintiff was entitled to a simple, prompt, flexible, informal preliminary hearing. Parsons-Lewis, *Due Process In Parole-Release Decisions,* 60 Calif. L. Rev. 1518 (1972); O'Leary, *Issues And Trends In Parole Administration In The United States,* 11 Am. Crim. L. Bull. 97, 117 (1972). Whether on the facts of this case there has been substantial compliance with this requirement need not be decided, because plaintiff was released on parole by the State board of parole after he filed his petition for a writ of habeas corpus. The issue raised by the plaintiff has become moot.

*Petition dismissed.*