Hillsborough
No. 6206

HARVEY R. MARTEL, JR.

v.

PARKER L. HANCOCK,
WARDEN OF STATE PRISON, & a.

May 30, 1975

*Ernest A. Jette,* by brief, for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney, by brief, for the defendants.

PER CURIAM. The basic issue in this case, transferred without ruling by *Loughlin,* J., is whether upon a writ of habeas corpus the superior court has jurisdiction to review actions of the parole board, and if so, the scope of such review. The superior court has concurrent jurisdiction with the supreme court of a writ of habeas corpus (RSA 534:3) which is a proper remedy for this

purpose. *Petition of LaForest,* 110 N.H. 508, 272 A.2d 598 (1970); *see Belton v. Vitek,* 113 N.H. 183, 304 A.2d 362 (1973); *Springer v. Hungerford,* 100 N.H. 503, 130 A.2d 538 (1957). Although the issue may now be moot because the plaintiff has been finally discharged from the restraint which was the subject of his petition *(Belton v. Vitek supra),* the constitutional question raised is important. The sensible course is to decide it now. *Hood & Sons v. Boucher,* 98 N.H. 399, 101 A.2d 466 (1953).

Even though the acts which gave rise to the petition took place before RSA 651:37 was passed and prior to the decisions in *Morrissey v. Brewer,* 408 U.S. 471 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), we nevertheless resolve the issues in the light of the requirements imposed thereby.

RSA 651:37 established a State parole board and provided that it "shall have responsibility for the parole decision process for inmates of the state prison, subject to the applicable provisions of this chapter. The board shall have legal custody of all prisoners released on parole until they receive their discharge or are remanded to prison. The board shall establish such rules as necessary for the conduct of its duties and all necessary terms and conditions for the conduct of persons on parole. The board shall also administer the supervision of persons on parole and shall establish procedures and regulations relative to the performance of the duties of the parole officers as in its judgment are advisable."

After a parolee is arrested for a violation of parole and returned to prison, the board holds a hearing under RSA 651:51 which provides: "If said board of parole upon hearing finds that the parolee has violated the terms of his permit or has violated the law, or has fallen among criminal companions, and should in their judgment be returned to prison, said board shall revoke the permit and the parolee shall be recommitted to the state prison."

Although the legislature has not provided an appeal procedure, habeas corpus is an available remedy and the superior court has jurisdiction. The scope of the review presents a more difficult problem. *See United States v. Fitzpatrick,* 378 F.2d 85, 87 (2d Cir. 1967); *Caton v. Smith,* 486 F.2d 733, 735 (7th Cir. 1973). Unquestionably, broad authority and discretion are delegated to the parole board. RSA 651:37, :50-51. It is equally clear that the board's power and discretion are limited by the parolee's

constitutional rights. *Morrissey v. Brewer supra; Gagnon v. Scarpelli supra; Belton v. Vitek supra; see Wolff v. McDonnell,* 418 U.S. 539 (1974).

The policy of our law is to give great weight to the decision of a commission or board (*See* RSA 541:13) and a long line of cases under the appeal statute follows this course. Furthermore, on petition for habeas corpus, review is necessarily restricted, and the action of the parole board must be upheld unless shown as a matter of law to have been arbitrary or capricious, or void for lack of the requisite statutory process.

*Remanded.*