Merrimack
No. 7832

FREDERICK J. MARTINEAU

v.

RAYMOND HELGEMOE, WARDEN, STATE PRISON
AND
NEW HAMPSHIRE PAROLE BOARD

December 16, 1977

Frederick J. Martineau, by brief, pro se.

*David H. Souter,* attorney general, and *Richard B. McNamara,* assistant attorney general, by brief, for the defendants.

PER CURIAM.   This is an appeal from a denial after a hearing of a writ of habeas corpus brought under RSA ch. 534 by the plaintiff. The plaintiff was convicted of first degree murder in 1960 and was subsequently sentenced to life imprisonment. He was paroled from prison in early 1975. On August 27, 1975, he was arrested and charged with violation of his parole. The arrest warrant alleged, *inter alia,* that plaintiff had kept late hours, had associated with a young married woman, and had been arrested and charged with attempted burglary, all in violation of his parole agreement. After a lengthy hearing, the parole board rendered a written decision in which the plaintiff was found guilty of these violations and was remanded to the state prison. Plaintiff then filed a petition for writ of habeas corpus in superior court alleging that he was unlawfully detained at the state prison because his parole had been improperly revoked. The Superior Court (*Cann,* J.) denied the petition and it is from that ruling that plaintiff excepts.

The issues before us are (1) whether the parole board abused its discretion in revoking the parole and (2) did the trial court err in denying the writ of habeas corpus?

It is settled law that the board has broad authority and discretion. *Martel v. Hancock,* 115 N.H. 237, 339 A.2d 9 (1975) (per curiam); *see* RSA 651:37, :50–51; *cf. Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973). However, the inquiry of the court in a habeas corpus proceeding is narrow, though subject to certain guidelines. *Martel v. Hancock,* 115 N.H. at 239, 339 A.2d at 11. *See also Moody v. Daggett,* 429 U.S. 78 (1976); *Gagnon v. Scarpetti supra; Morrissey v. Brewer,* 408 U.S. 471 (1972). The acts of the board "must be upheld unless shown as a matter of law to have been arbitrary or capricious, or void for lack of the requisite statutory process." *Martel v. Hancock,* 115 N.H. at 239, 339 A.2d at 11.

■ An examination of the entire record, including the transcripts, numerous exhibits and the parties' briefs, failed to show that the board's actions were arbitrary or capricious or that there was any lack of the requisite statutory process. The guidelines established by the *Morrissey* and *Gagnon* cases were all observed by the superior court, and it follows that the order is

*Petition dismissed.*