## THE STATE OF NEW HAMPSHIRE

v.

## ALFRED P. SCHULTE

May 12, 1980

*Paul R. Pudloski*, assistant county attorney, by brief for the State.

*Alfred P. Schulte*, by brief, pro se.

### MEMORANDUM OPINION

The issue we decide in this criminal case is whether the defendant's due process rights were violated by his transfer without a hearing from the Rockingham County House of Correction to the State prison. We find no such violation.

Defendant was convicted on four counts of unlawfully obtaining controlled drugs. *State v. Schulte*, 119 N.H. 36, 398 A.2d 63 (1979). He was sentenced to not more than four nor less than two years in State prison. Two days after he was placed in the general population at the prison, the defendant was assaulted, suffering two fractures which required two weeks' hospitalization. He thereafter appeared before the sentence review board which recommended a transfer to the Rockingham County House of Correction.

The transfer was made on May 1, 1978, pursuant to RSA 623:2 and :4 which required the consent of both the warden of the prison and the Rockingham County Sheriff. On July 12, 1978, the county attorney petitioned the superior court to return the defendant back to the prison pursuant to RSA 651:23, which petition was granted *ex parte*. On September 18, 1978, the defendant moved for a "rehearing." After an evidentiary hearing, his motion was denied by *Contas*, J. In May 1979, the defendant's motion to enlarge and perfect his reserved case preserving his exceptions was denied after hearing by *Mullavey*, J., subject to exceptions which were transferred. On February 6, 1980, the defendant completed his minimum sentence and was paroled.

The defendant argues that his transfer back to the prison without a prior hearing was a denial of his right to due process. He alleges that he was transferred because he criticized the operation of, and the conditions at, the county facility, speech arguably protected by the first amendment.

■ ■  There is no due process right to a hearing before being transferred from one penal facility to another, absent a right to confinement at a particular prison. *Montayne v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). *See Vitek v. Jones*, 100 S. Ct. 1254 (1980). The defendant had no right to be or remain in the Rockingham County House of Correction. He was there only with the consent of the sheriff as a favor to the defendant who would otherwise be in the State prison. *See Sampson v. Superior Court*, 119 N.H. 418, 402 A.2d 192 (1979). That consent could be withdrawn at any time and for any reason.

■  In any event, not only was the defendant given a hearing following which his transfer was confirmed, but the whole matter has now become moot because of his parole. *See Dolcino v. Thalasinos*, 114 N.H. 353, 321 A.2d 107 (1974); *Marshall v. Thalasinos*, 116 N.H. 671, 366 A.2d 212 (1976). Any further consideration of defendant's claims would be hypothetical, and none of the issues raised are of such public interest as to warrant our further consideration. *Id.; Proctor v. Butler*, 117 N.H. 927, 380 A.2d 673 (1977).

*Exception overruled.*

KING, J., took no part in the decision.