Hillsborough
No. 80-175

EDWARD J. SILVA

v.

DONALD H. BOTSCH & a.

September 10, 1980

*Hanrahan, Brennan & Michael*, of Merrimack (*Gregory E. Michael* orally), for the plaintiff.

*Bossie, Kelly & Hodes*, of Manchester (*Robert F. Bossie* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether the board of selectmen for the Town of Merrimack violated RSA 36:5 II when they removed the plaintiff from the town planning board solely because he had served one year. We hold that the selectmen violated the statute.

The plaintiff was elected to the board of selectmen of the Town of Merrimack on March 8, 1977. On April 6, 1978, the selectmen appointed the plaintiff to the Merrimack Planning Board as their ex officio representative. After a one-year term, on March 20, 1979, the selectmen voted to appoint Robert Brundige to replace the plaintiff as their representative. On April 11, 1980, the plaintiff petitioned the trial court to remove Robert Brundige and to recognize the plaintiff as the legitimate selectman ex officio member of the planning board. The Trial Court (*Pappagianis*, J.) transferred the case without ruling. Supreme Court Rule 9.

The plaintiff's official tenure as selectman expired on May 13, 1980. This would normally render this controversy moot. However, the question of mootness is one of convenience and discretion and is not subject to hard-and-fast rules. *Proctor v. Butler*, 117 N.H. 927, 380 A.2d 673 (1977); *Dolcino v. Thalasinos*, 114 N.H. 353, 321 A.2d 107 (1974). Because we deem it expedient to avoid future litigation, and because there exists sufficient public interest in this matter, we decide this case on its merits. *See State v. Schulte*, 120 N.H. 344, 415 A.2d 670 (1980).

RSA 36:5 II provides in part that the terms of office of ex officio members of a planning board "shall correspond to their respective official tenures." The selectmen argue that this provision is directory rather than mandatory. We do not agree.

In any statutory interpretation case, this court's task is to determine legislative intent. *Corson v. Brown Products, Inc.*, 119 N.H. 20, 397 A.2d 640 (1979); *Kinchla v. Baumner*, 114 N.H. 818, 330 A.2d 112 (1974). In making that determination, we begin with the language of the statute itself. *State Employees Assoc. v. Bd. of Trustees of U.N.H.*, 120 N.H. 272, 415 A.2d 665 (1980). When that language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent. This court ascribes to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise. RSA 21:2. In the case before us, the key words and phrases bear meanings that are easily understood.

"Shall correspond" is a clear, concise phrase. The word "shall" is generally regarded as a command. *In re Russell C.*, 120

N.H. 260, 414 A.2d 934 (1980). *But see State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973). This principle is particularly forceful when the command is addressed to a public official. *Pelzer v. City of Bellevue,* 198 Neb. 19, 24, 251 N.W.2d 662, 665 (1977); *see Blake v. Portsmouth and Concord Railroad,* 39 N.H. 435 (1859). "Correspond" means to "match or compare closely", WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 511 (1961), or to conform. *See also Butterfield v. Oculus Contact Lens Co.,* 332 F. Supp. 750, 757 (N.D. Ill. 1971). The statute is clear on its face that a selectman's term as a planning board member must conform to his term as a selectman.

In support of this conclusion, we note that RSA 36:6 (Supp. 1979) provides that "inefficiency, neglect of duty, or malfeasance in office" may result in the removal of a selectman/board member. Clearly, none of these reasons relates to the length of time served on the board. Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive. *In re Gamble,* 118 N.H. 771, 777, 394 A.2d 308, 311 (1978). Further, any interpretation of RSA 36:5 II that permits the discretionary removal of the selectmen's representative to the planning board renders the enumerated removal provisions of the statute superfluous. Such a reading would not be consistent with legislative intent. *See Blue Mountain Forest Ass'n v. Town of Croydon,* 117 N.H. 365, 372, 373 A.2d 1313, 1317 (1977).

Because RSA 36:5 II requires that a selectman's term on a planning board match, as nearly as possible, his term as a selectman, and because the statute does not enumerate length of time served as a criterion for severance, we hold that the removal of the plaintiff from the planning board in this case solely because he had served one year was a violation of the statute.

Under the circumstances of this case, our holding does not render void any actions that the planning board took during the period of the plaintiff's wrongful absence.

*So ordered.*

BOIS, J., did not sit; the others concurred.