Manchester District Court
No. 87-333

*In re* JESSICA J.

July 11, 1988

*Stephen E. Merrill,* attorney general (*Charles T. Putnam,* assistant attorney general, on the brief, and *David Peck,* assistant attorney general, orally), for the State.

*Patricia A. Murphy,* of Manchester, for Precy J., and *Paul J. Twomey,* of Manchester, for Douglas J. (*Ms. Murphy* and *Mr. Twomey* on the brief, and *Ms. Murphy* orally), for appellees.

### MEMORANDUM OPINION

THAYER, J. The State appeals the Manchester District Court's (*Capistran,* J.) ruling that there is no appeal to the superior court under RSA 169-C:28 (Supp. 1987) of a dismissal of a complaint alleging that a child was abused or neglected. We affirm.

The division for children and youth services (DCYS) filed a petition pursuant to RSA 169-C:7 (Supp. 1987) alleging the abuse and neglect of Jessica J., and stating that the father had abused his five-year old daughter and that the mother had neglected the child by leaving her with the allegedly abusive father. An adjudicatory hearing was held in accordance with RSA 169-C:18 (all references to RSA chapter 169-C are to Supp. 1987). The trial court ruled that "[t]he State did not meet its burden of proof" and dismissed the petition. The State, through DCYS, then filed its notice of appeal in the district court seeking to have the case

transferred to the superior court for a trial *de novo*. The district court, however, ruled that there was no appeal from an adjudicatory dismissal. The State appeals the district court's order. The dispositive issue on appeal is whether the dismissal of an abuse or neglect petition can be considered a "final dispositional order" under RSA 169-C:28, which statute allows an appeal and a *de novo* trial in superior court. We conclude that a dismissal is not a final dispositional order within the meaning of RSA chapter 169-C.

The term "final dispositional order" is not specifically defined in RSA chapter 169-C, and absent a specific definition, we will construe the meaning of the term consistent with the plain meaning of the statute as a whole. *Theresa S. v. Sup't of YDC*, 126 N.H. 53, 55, 489 A.2d 592, 593 (1985). The State argues that the term should be broadly construed and cites cases from other jurisdictions to support its contention. Nonetheless, in "any case involving the interpretation of a statute, we begin our analysis by examining the language of [the] statute itself." *In re Cindy G.*, 124 N.H. 51, 57, 466 A.2d 943, 946 (1983). Where language in the statute is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent. *See Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 302 (1980).

An examination of RSA chapter 169-C reveals the clear meaning of the term "final dispositional order." RSA 169-C:18 allows for two possible results in an adjudicatory hearing. Paragraph IV requires a dismissal of the petition for abuse or neglect when the evidence is insufficient: and, if the evidence is sufficient, paragraph V requires a finding that a child is abused or neglected. Then "[i]f *the court determines that a child has been abused or neglected*, the court shall order a child placing agency to make an investigation, and a social study . . . and submit it . . . to the court prior to the final disposition of the case." (Emphasis added.) Paragraph VII states that the court "shall hold a hearing on final disposition within 30 days *after* a finding of neglect or abuse." (Emphasis added.)

RSA 169-C:19 addresses dispositional orders, and RSA 169-C:3, XI defines "dispositional hearing" as "a hearing held after a finding of abuse or neglect to determine what dispositional order should be made on behalf of the child." RSA 169-C:21, I, states that "*if facts sufficient to sustain the petition are established* under RSA 169-C:18, the court shall enter a final order in writing finding that the child has been abused or neglected." (Emphasis added.)

RSA 169-C:28 states that:

"An appeal, under this chapter, may be taken to the superior court by the child or his authorized representative or any party having an interest, including the state, within 30 days of the final dispositional order; but an appeal shall not suspend the order or decision of the court unless the court so orders. The superior court shall hear the matter *de novo*, and shall give an appeal under this chapter priority on the court calendar."

■ The words in a statute are the touchstone of legislative intent. *See Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). It is clear from reading RSA 169-C:18, :19, and :21 together that the issuance of a "final dispositional order" is predicated upon a finding, based on sufficient evidence, of abuse or neglect. In light of the plain meaning of the statute, it would be contrary to the evident legislative intent to construe "final dispositional order" to include the dismissal of a petition for abuse or neglect.

■ The statutory framework of RSA chapter 169-C permits no appeal under RSA 169-C:28 unless it is from a finding of abuse or neglect or from the dispositional order made pursuant thereto. *See In re Doe*, 126 N.H. 719, 723, 495 A.2d 1293, 1296–97 (1985); *In re John M.*, 122 N.H. 1120, 1130, 454 A.2d 887, 892–93 (1982). Accordingly, we affirm the decision of the Manchester District Court.

*Affirmed.*

All concurred.