Hillsborough-northern judicial district
No. 2007-051

IN THE MATTER OF RAYMOND LARUE, JR. AND TRACY (LARUE) BEDARD

Argued: September 19, 2007
Opinion Issued: October 30, 2007

*Wing & Weintraub, P.C.,* of Milford (*David C. Wing* on the brief and orally), for the petitioner.

*Hamblett & Kerrigan, P.A.,* of Nashua (*Andrew J. Piela* on the brief and orally), for the respondent.

GALWAY, J. The respondent, Tracy (LaRue) Bedard, appeals the decision of the Superior Court (*McGuire*, J.) dismissing her petition to bring forward and modify the parties' permanent order regarding parental rights and responsibilities and child support. We reverse and remand.

The following facts were found by the trial court or are supported by the record. In June 2003, the petitioner, Raymond LaRue, Jr., filed for divorce. In January 2005, the parties executed a permanent stipulation, which included an agreement regarding custody of their two minor children. The stipulation granted LaRue primary physical custody and allowed Bedard visitation one weekday evening per week and every other weekend. Paragraph 3-E of the stipulation permits modification of the visitation schedule by agreement of the parties, and provides that the stipulated schedule would control in the absence of such an agreement. The stipulation was approved by the trial court in March 2005. However, since the divorce petition was originally filed, the parties have agreed upon a more liberal visitation arrangement. In fact, Bedard has had visitation every Monday morning to Wednesday, Thursday morning to Saturday morning, and one weekend per month.

Bedard filed the underlying petition in August 2005, alleging grounds for modification of the permanent order. Specifically, she argued under RSA 461-A:11, I(a) (Supp. 2006) that the parties had made a *de facto* agreement to modify the permanent stipulation through their conduct; that is, following a different visitation schedule than that articulated in the stipulation. In addition, Bedard alleged under RSA 461-A:11, I(c) (Supp. 2006) that there was clear and convincing evidence that the stipulated schedule would be detrimental to the children if implemented.

LaRue moved to dismiss Bedard's petition, arguing the petition did not set forth sufficient facts upon which relief could be granted or allege adequate facts to meet the burden set forth in RSA 461-A:11 (Supp. 2006). After a non-evidentiary hearing on the motion to dismiss, the trial court granted LaRue's motion, ruling, "The allegation upon which respondent premises her motion to modify is factually incorrect. The parties' [*sic*] have not, '(s)ince March of 2005' modified their agreement by deeds, because the parties' *actual* custodial schedule has never been nearly as restrictive as respondent agreed to in the permanent stipulation." The trial court concluded:

> Whatever the reason(s) that the parties decided to agree to a written custodial schedule that was more restrictive that [*sic*] what they were doing in practice, they have not substantially changed their custodial schedule since the March 2005

permanent stipulation to warrant any change in custodial time or child support.

On appeal, Bedard asserts the trial court erred by: (1) considering LaRue's dispute of certain factual allegations to support his motion to dismiss; (2) improperly grafting a "substantial change in circumstances" burden onto RSA 461-A:11, I(a); and (3) not addressing her request for modification under RSA 461-A:11, I(c). LaRue responds that the dismissal was proper because Bedard: (1) failed to allege sufficient facts to warrant a modification; (2) failed to allege a detrimental present environment under RSA 461-A:11, I(c); and (3) is judicially estopped from asserting that the parties' actions can form the basis for modification.

"In reviewing the trial court's grant of a motion to dismiss, our task is to ascertain whether the allegations pleaded in the plaintiff's writ are reasonably susceptible of a construction that would permit recovery." *Plourde Sand & Gravel v. JGI Eastern*, 154 N.H. 791, 793 (2007) (quotation omitted). Applying this standard to this case, we assume the truth of the facts alleged by Bedard and construe all reasonable inferences in the light most favorable to her. *See id.* We then engage in a threshold inquiry that tests the facts in her petition against the applicable law. *See id.* If the facts alleged do not constitute a basis for legal relief, we will uphold the granting of a motion to dismiss. *Farm Family Cas. Ins. Co. v. Town of Rollinsford*, 155 N.H. 669, 670 (2007).

"In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole." *Chase v. Ameriquest Mortgage Co.*, 155 N.H. 19, 22 (2007). We begin our analysis by looking to the language of the statute itself. *In re Guardianship of R.A.*, 155 N.H. 98, 99 (2007). If the language is plain and unambiguous, then we need not look beyond it for further indication of legislative intent. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Chase*, 155 N.H. at 22.

█ RSA 461-A:11, I(a) provides, "The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances: (a) The parties agree to a modification." The statute does not specify under what circumstances an agreement to modify may occur, or set forth any particular requirements for an agreement to modify, such as a writing reflecting the agreement and its terms. Thus, from a plain reading of the statute, and absent further statutory guidance, we conclude that the legislature intended contract principles to apply in determining whether

the parties have agreed to a modification. It is well established that contractual obligations can be modified by either an express or an implied agreement between the parties. *See Guri (Cushing) v. Guri*, 122 N.H. 552, 555 (1982). Such an agreement can be inferred from the parties' conduct. *See Walker v. Percy*, 142 N.H. 345, 349 (1997). "Whether a contract has been modified is a question of fact for the trial court to determine . . . ." *Id.* (quotation omitted).

■ Here, the trial court ruled that, as a matter of law, the parties' undisputed actions could not form a *de facto* agreement to modify because there had been no change in their actual visitation schedule subsequent to the permanent stipulation. In so doing, the trial court considered the parties' actions both before and after the stipulation was entered as a permanent order. However, whether the parties had a consistent visitation schedule since before the permanent stipulation is not the correct measure under the statute. The permanent stipulation reflects a contractual agreement between the parties. It is undisputed that the parties have not followed the stipulated schedule set forth in that contract since it was executed; Bedard specifically alleged that the parties have agreed since March 2005 to the modified schedule. As a result, the parties' conduct may be found to constitute an agreement to modify under RSA 461-A:11, I(a). Therefore, Bedard has alleged sufficient facts to withstand a motion to dismiss. If the legislature did not intend this application of contract law to the modification of parental rights and responsibilities, "it is free to amend the statute[ ] as it sees fit." *In the Matter of Fulton & Fulton*, 154 N.H. 264, 268 (2006) (quotation omitted).

■ In this case, the primary issue is whether the parties' modification of the visitation schedule is a change *from* the permanent stipulation or whether it is *pursuant to* the permanent stipulation under paragraph 3-E, which allows modification of the visitation schedule by agreement of the parties. This determination is a question of fact for the trial court. *See Walker*, 142 N.H. at 349. "It is a fundamental principle of contract law that one party to a contract cannot alter its terms without the assent of the other party; the minds of the parties must meet as to the proposed modification." *Id.* (quotation omitted). "[I]t is not sufficient to show an ambiguous course of dealing from which one party might reasonably infer that the original contract was still in force, and the other that it had been changed." *Id.* (quotation omitted). Here, the trial court did not hold an evidentiary hearing in order to resolve what, in fact, the parties intended by their conduct. A factual finding after an evidentiary hearing is necessary to determine whether or not an express or implied agreement to modify occurred.

Bedard also argues that the trial court improperly required her to allege a substantial change in circumstances since the execution of the permanent stipulation in order to satisfy RSA 461-A:11, I(a). We do not read the trial court's order in this manner. Although the trial court noted that the parties had not "substantially changed" their visitation schedule, Bedard misconstrues the context of this statement within the court's order. Reading the order in its entirety, it is clear that the trial court's choice of words reflects its conclusion that there must be a change in the parties' actual visitation schedule before an agreement to modify by conduct could be found. There is no indication that the trial court required a substantial change in circumstances be alleged to support a claim of an agreement to modify.

Bedard also requested modification under RSA 461-A:11, I(c), dealing with her allegation that the stipulated schedule would be detrimental to the children if implemented. However, LaRue argues that Bedard has failed to allege a detrimental present environment under RSA 461-A:11, I(c). In addition, LaRue asserts that the modification petition should be dismissed on the basis of judicial estoppel. The trial court did not make any determination or ruling on these issues. Because the matter is being remanded in light of our holding above, these issues should be addressed by the trial court in the first instance.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.