Brentwood Family Division
No. 2007-693

## IN RE JAMES N.

Submitted: September 16, 2008
Opinion Issued: October 8, 2008

*Paula J. Werme*, of Boscawen, by brief, for the petitioner.

*Kelly A. Ayotte*, attorney general (*Rosemary Wiant*, attorney, on the memorandum of law), for the New Hampshire Division for Children, Youth and Families.

*Stephanie Hausman*, assistant appellate defender, on the memorandum of law, for the juvenile.

GALWAY, J. The petitioner, the mother of James N., appeals an order of the Brentwood Family Division (*LeFrancois*, J.) dismissing her child in need of services (CHINS) petition involving James N. *See* RSA ch. 169-D (2002 & Supp. 2007). We affirm.

The following facts are supported by the record. In September 2007, the petitioner filed a CHINS petition involving her then six-year-old son, James N., alleging he was a child in need of services for failing to obey the reasonable commands of his parent, guardian or custodian. *See* RSA 169-D:2, II(b) (Supp. 2007). At this time, James N. was in the custody of the New Hampshire Division for Children, Youth and Families (DCYF), and was not living in his mother's home. The specific acts of James N. alleged in the petition consisted of threatening others with physical harm, threatening to set fire to his mother's residence, harming his foster family's dog, attempting to strangle his foster brother with a shoe string, head butting, biting, and placing glass "sharps" (small pieces of glass) in others' clothing.

At a hearing on the petition, the juvenile, joined by DCYF, moved to dismiss, arguing that the petition failed on its face because it did not specify the times and dates of the alleged offenses, *see* RSA 169-D:5, II (2002 & Supp. 2007), and because the alleged offenses constitute delinquent acts, which by statute may not be included in a CHINS petition, *see* RSA 169-D:5, IV (2002 & Supp. 2007). The court granted the motion, finding that the petition lacked the required specificity. The court added, however, that

> [a]ssuming that the Petitioner may be able to provide more particularity as to date and time, the court also finds that the Petition is alleging delinquent acts, which can not be charged in a CHINS petition. Although an argument could be made that a parent or custodian can make a reasonable lawful command not to commit delinquent acts, the lawful command definition of a CHINS petition would swallow up all the delinquency petitions under that reasoning. You need not look any further than the specific prohibition of RSA 169-D:5 (IV) that ["]no acts which qualify as delinquent acts" shall be included in any CHINS petition to reach the conclusion that the "lawful commands" definition of a CHINS is limited to non-delinquent act commands.

Subsequently, the petitioner filed four delinquency petitions involving James N., alleging cruelty to animals, simple assault, and reckless conduct. *See* RSA ch. 169-B (2002 & Supp. 2007). The juvenile again moved to dismiss, arguing that a six-year-old is, or is presumed to be, not competent to stand trial in a delinquency proceeding and is, or is presumed to be, not capable of committing a crime due to his tender age. The court again agreed with the juvenile, finding James N. could not consult with his lawyer

or have a rational understanding of the proceedings against him in violation of his due process rights, and dismissed the petitions. In ruling on the delinquency petitions, the court recognized its previous dismissal of the CHINS petition based upon that petition's allegation of delinquent acts, but noted:

> It does not follow, however, that because of the dismissal of CHINS Petitions alleging delinquency acts that six year old James must be subject to the delinquency statute for the same or similar acts alleged in the dismissed CHINS petitions. It may be that the delinquency and CHINS statutes together do not cover all issues for all children that may need help or services.

The petitioner appealed both the CHINS and delinquency petitions' dismissal; however, only the appeal from the CHINS dismissal is now before us.

■ As an initial matter, James N. argues that the petitioner's appeal is not properly before us, asserting that the CHINS statute does not authorize a direct appeal to this court. RSA 169-D:20 (2002) provides, in pertinent part: "An appeal, under this chapter, may be taken to the superior court . . . within 30 days of the final dispositional order." We have previously determined that, in providing for appeals from "the final dispositional order" under this statute, "the legislature was referring to the order issued *after* the final dispositional hearing"; that is, the hearing held following the initial adjudicatory hearing and CHINS finding. *In re Cindy G.*, 124 N.H. 51, 58 (1983). Further, we have held in a similar context construing similar statutory language that a dismissal after an adjudicatory hearing, but before a hearing on final disposition, is not a final dispositional order for purposes of appeal. *See In re Jessica J.*, 130 N.H. 625, 627 (1988) (issuance of "final dispositional order" is predicated upon adjudicatory finding of abuse or neglect) (decided under prior version of RSA 169-C:28). Because this matter was dismissed at a preliminary stage and not following a final dispositional hearing, the pending appeal is not an appeal from a "final dispositional order," and, therefore, the petitioner was not required to first appeal to the superior court. We, therefore, treat this appeal as a petition for writ of certiorari, and conclude it is properly before us.

■ James N. raises several other alleged procedural defects that he argues should preclude our consideration of the petitioner's appeal. We disagree. James N. asserts that the question briefed by the petitioner is not the same as that raised in her notice of appeal, contrary to our court rules. However, we conclude that the question briefed by the petitioner is a subsidiary question to that posed in her notice of appeal, and is properly

before us. *See* SUP. CT. R. 16(3)(b). Although the notice of appeal asks whether failing to obey the reasonable commands of a parent under RSA 169-D:2, II(b) may be considered a delinquent act, the question also contains reference to the child's questionable legal competence to commit the alleged acts in connection with the CHINS petition. We believe this is sufficient to satisfy Rule 16(3)(b) in this case. The remaining procedural issues have not been adequately briefed, and we therefore decline to address them. *See State v. Crie*, 154 N.H. 403, 411 (2006).

We now turn to the petitioner's appeal, which requires that we interpret RSA 169-D:5, IV. In matters of statutory interpretation, we are the final arbiter of the legislature's intent regarding the meaning of a statute considered as a whole. *Nenni v. Comm'r, N.H. Ins. Dep't*, 156 N.H. 578, 581 (2007). We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meaning to the words used. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* We interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 169-D:5, IV provides, "No acts which qualify as delinquent acts as described in RSA 169-B:2, IV shall be included in any petition filed under this chapter." RSA 169-B:2, IV (2002 & Supp. 2007) defines "delinquent" as "a person who has committed an offense before reaching the age of 17 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult, and is expressly found to be in need of counselling, supervision, treatment, or rehabilitation as a consequence thereof." Thus, if a petition alleges an act which would qualify as a felony or misdemeanor if committed by an adult, the petition has included a delinquent act contrary to the plain language of the statute.

The petitioner argues that the allegation of a delinquent act should not be fatal to a CHINS petition if the child is incapable of forming the required *mens rea* for the alleged act. We disagree. RSA 169-D:5, IV states that no *acts* which qualify as delinquent *acts* as described in RSA 169-B:2, IV shall be included in a CHINS petition. Neither statute contains any reference to a *mens rea* requirement. We will not consider what the legislature might have said or add language that the legislature did not see fit to include. *See Nenni*, 156 N.H. at 581. Furthermore, we have stated that competency to commit the acts alleged in the petition is not of jurisdictional magnitude in a CHINS proceeding. *See In re Juvenile 2005-212*, 154 N.H. 763, 767 (2007). Thus, the district court may decide, on the face of the petition, if the petition alleges a delinquent *act*.

■ Taking the petitioner's interpretation to its logical conclusion, RSA 169-D:5, IV would allow delinquent acts, as described in RSA 169-B:2, IV, to be included in a CHINS petition. The plain language of the statute does not allow this interpretation. Furthermore, under the petitioner's interpretation, the child would essentially be required to prove his guilt with respect to the alleged delinquent act in order to show the act should be excluded from the petition pursuant to RSA 169-D:5, IV. This interpretation would lead to an absurd result. *See State v. Warren*, 147 N.H. 567, 568 (2002) (we do not presume legislature would pass an act leading to an absurd result).

The definition of a "child in need of services" supports our interpretation. RSA 169-D:2, II(c) (Supp. 2007). A "child in need of services" is defined, in pertinent part, as a child who is under the age of eighteen and who is expressly found to be "[a] child who has exhibited willful repeated or habitual conduct constituting offenses which would be violations under the criminal code of this state if committed by an adult." *Id.* Other parts of the definition include a child who is habitually truant from school or runs away from home. RSA 169-D:2, II(a), (b). This definition, taken together with RSA 169-D:5, IV, demonstrates a clear intent by the legislature to restrict the availability of a CHINS petition to those acts that do not rise to the level of felony or misdemeanor acts.

We have stated that the definitions of "delinquent" and "child in need of services" do not overlap. *In re Russell C.*, 120 N.H. 260, 262 (1980). However, there is no indication in the statutory scheme that exclusion from either the delinquency or CHINS statute necessitates inclusion by the other. As the district court aptly noted, "It may be that the delinquency and CHINS statutes together do not cover all issues for all children that may need help or services." This may be such a case. If the legislature did not intend this result, it is free to amend the statutes as it sees fit. *See In the Matter of LaRue & Bedard*, 156 N.H. 378, 381 (2007).

To the extent the petitioner challenges the decision of the family division with respect to the delinquency petition, and the validity of the infancy defense in such a proceeding, we decline to address these arguments, as they are not the proper subject of this appeal.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.