**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0028, In the Matter of Traci L. Smith and William E. Barnett, Jr., the court on December 16, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Traci L. Smith, appeals the decision of the Circuit Court (Forrest, J.) granting relief to the respondent, William E. Barnett, Jr., on his petition to modify residential responsibility for the parties' child. See RSA 461-A:11, I (Supp. 2014). We affirm.

The trial court found, or the record supports, the following facts. The parties are the unmarried parents of a child, who was born on May 10, 2002. In July 2003, the superior court approved a permanent parenting stipulation, which granted the parties joint legal custody of their child, the petitioner physical custody, and the respondent visitation rights "[e]very other weekend from 5:30pm on Friday until 7pm on Sunday," with certain seasonal exceptions, and "[o]ne evening per week from 5:30pm until 7:30pm."

Approximately eleven years later, in April 2014, the child began residing with the respondent. In July 2014, the respondent filed a petition to modify residential responsibility, seeking primary residential responsibility for the child on a permanent basis. The respondent contended that a modification was warranted under RSA 461-A:11, I, because: (1) the parties had agreed to a modification, see RSA 461-A:11, I(a); (2) there was clear and convincing evidence that residing with the petitioner was detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the existing custodial arrangement outweighed any harm likely to be caused by a change in the child's environment, see RSA 461-A:11, I(c); and (3) the child wished to reside with the respondent and the child's wishes should be given due consideration because the child was of sufficient maturity to make a sound judgment, see RSA 461-A:11, I(e).

"Shortly after" the respondent filed his petition, the petitioner "insisted" that the child return to reside with her and the respondent "acceded." Thereafter, the child stayed with the respondent every other weekend from Friday to Sunday and one overnight each week. This schedule continued until the court's ruling on the respondent's petition in November 2014.

On November 21, the court held a hearing on the petition, at which the child's court-appointed guardian ad litem testified and the parties presented offers of proof. The respondent advocated for equal residential responsibility rather than primary residential responsibility as he had requested in his petition. The petitioner objected, asserting that the parties never agreed that the child would reside with the respondent on a permanent basis. She further maintained that equal residential responsibility would not be good for the child because the child's negative attitude toward her had worsened after the child had resided with the respondent "for a couple of months."

On November 26, the court issued an order granting the respondent's request for modification and approving his proposed modification of equal residential responsibility. The court found that a modification of the parties' permanent parenting stipulation was permissible under RSA 461-A:11, I, because the respondent had met "his burden of establishing grounds for modification based upon the parties' agreement in April[] 2014." See RSA 461-A:11, I(a). The court further found modification permissible pursuant to RSA 461-A:11, I(f), because the respondent's proposed modification of equal residential responsibility was "a minimal change to the [parties'] existing [residential responsibility] schedule." The petitioner's motion for reconsideration was denied, and this appeal followed.

RSA 461-A:11, I, sets forth a list of specific circumstances under which a court may modify a permanent order concerning parental rights and responsibilities. See RSA 461-A:11, I(a)-(f). If any one of the circumstances is found to exist, a modification is permissible. See id.; see also In the Matter of Muchmore & Jaycox, 159 N.H. 470, 473 (2009) ("Only after a parent has proved that one of [the] circumstances [in RSA 461-A:11, I,] exists may the court then modify the existing plan.").

On appeal, the petitioner argues that the trial court erred by finding that modification of the parties' permanent parenting stipulation was permissible under RSA 461-A:11, I(a) and (f). Based upon our review of the court's order, the petitioner's challenges to it, the record submitted on appeal, and the relevant law, we conclude that the petitioner has failed to demonstrate that the court erred by modifying the parties' permanent parenting stipulation under RSA 461-A:11, I(a), and we, therefore, need not address the petitioner's arguments regarding RSA 461-A:11, I(f).

The trial court has wide discretion in matters involving custody and visitation. In the Matter of Miller & Todd, 161 N.H. 630, 640 (2011). "Our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." Id. (quotation omitted). "This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not

2

disturb the trial court's determination if it could reasonably be made." Id. (quotation omitted).

The petitioner argues that the court erred when it found that the respondent had met his burden of proof under RSA 461-A:11, I(a), based upon an agreement of the parties to modify their permanent parenting stipulation. She contends that she agreed to allow the child to reside with the respondent only temporarily. She asserts that the evidence demonstrated that there was no express or implied agreement to permanently modify the parties' residential responsibility because: (1) there was no written, signed, and filed agreement to modify; (2) the parties' conduct did not indicate that either believed that they had agreed to a permanent modification; and (3) the respondent's petition "in and of itself" showed that there was no agreement between the parties to permanently modify their residential responsibility. She further contends that the court found that the parties agreed to a modification for only four months, not permanently.

Under RSA 461-A:11, I(a), "[t]he court may issue an order modifying a permanent order concerning parental rights and responsibilities" when "[t]he parties agree to a modification." We have previously held that contract principles apply in determining whether parties have agreed to a modification under RSA 461-A:11, I(a). In the Matter of LaRue & Bedard, 156 N.H. 378, 380-81 (2007). It is well established that contractual obligations can be modified by either an express or an implied agreement between the parties. Id. at 381. Such an agreement can be inferred from the parties' conduct. Id. Nevertheless, "[i]t is a fundamental principle of contract law that one party to a contract cannot alter its terms without the assent of the other party; the minds of the parties must meet as to the proposed modification." Id. (quotation omitted). "Whether a contract has been modified is a question of fact for the trial court to determine." Id. (quotation and ellipsis omitted).

Here, the court found that, "by agreement of the parties, on April 11, 2014, [the child] commenced residing with" the respondent. It found that the child did so for several months. It also found that "[s]hortly after" the respondent filed his petition, the petitioner "precipitously withdrew her consent to this modification . . . despite evidence that the change had actually achieved the desired result" with respect to the child's school performance. The court noted that the petitioner "claim[ed]" that she withdrew her consent because of the child's worsening negative attitude toward her, but that the respondent maintained that her withdrawal was in response to his petition. The court further found that, even after the petitioner withdrew her consent to the April 2014 agreement, the child stayed with the respondent more often than would be permitted under the permanent parenting stipulation. Thus, contrary to the petitioner's contention, we conclude that the parties' April 2014 agreement and their subsequent conduct provided evidence sufficient to establish an objective basis upon which the court could reasonably find that the parties had agreed

3

to modify their residential responsibility based upon their agreement in April 2014.

We are also not persuaded by the petitioner's contention that the court found that the parties agreed to a modification for only four months, not permanently. The petitioner focuses upon the court's statement that, "Here, the parties had agreed to a modification for a period of approximately four months." When read in the context of the entire order, we do not interpret the statement to constitute a finding by the court that the parties agreed to only a four-month modification. Rather, we interpret the statement as referring to the petitioner's abrogation of the agreed-upon modification after approximately four months. See Appeal of Langenfeld, 160 N.H. 85, 89 (2010) ("The interpretation of a court order is a question of law, which we review de novo.").

Moreover, we find no error in the court's failure to explicitly state that the parties' modification was a "permanent" modification. "We must assume that the trial court made subsidiary findings necessary to support its general ruling." In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009) (quotation omitted).

Accordingly, we conclude that the court sustainably exercised its discretion when it found that the respondent had met his burden of establishing grounds for modification based upon the parties' agreement in April 2014. See RSA 461-A:11, I(a).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**