Rockingham,
No. 5919.

KNIGHT BROADCASTING OF NEW HAMPSHIRE *& a.*

*v.*

SHIRLEY J. KANE *& a.*

Argued October 7, 1969.
Decided October 31, 1969.

*Devine, Millimet, McDonough, Stahl & Branch* and *Mr. Joseph M. McDonough, III (Mr. McDonough* orally), for Knight Broadcasting of New Hampshire, Inc.

*Shaines, Madrigan & McEachern* (*Mr. Paul M. McEachern* orally), for Shirley J. Kane, widow of John E. Kane.

GRIFFITH, J. This is a workmen's compensation case where there was a trial before the Labor Commissioner who ruled that claimant was entitled to compensation for the death of John E. Kane. The employer appealed and claimant filed a motion asking for a ruling that the burden of proof be upon the employer, and that the employer was not entitled to a trial *de novo*. The Trial Court (*Dunfey*, J.) reserved and transferred the questions raised by this motion without ruling.

RSA 281:37 provides that in the event of a dispute arising as to the amount, if any, that an employee is entitled to under the Workmen's Compensation Act either party may petition the Labor Commissioner who shall give "full consideration . . . to all evidence which may be presented" and render a decision. This section then provides that either party may appeal from a decision by the Labor Commissioner to the Superior Court for "hearing and award in the premises" and that at the hearing before the Superior Court "a full trial shall be had . . . ."

Claimant argues that to require claimant to sustain the burden of proof in a trial *de novo* in the Superior Court is unfair to the claimant and contrary to the rule of a majority of jurisdictions. Claimant agrees that this court may not alter the statutory meaning by judicial fiat but argues that the language of the statute does not require a trial *de novo*.

Laws of 1947, ch. 266 is the basis of the present RSA ch. 281. This statute substantially broadened coverage and increased benefits of the Workmen's Compensation Act. It provided that if compensation was not fixed by agreement either party could petition the Superior Court "for hearing and award in the premises" and that at such hearing "a full trial shall be had . . . ." Laws of 1947, 266:35. Laws of 1949, 277:1 amended this section by providing a party might elect to petition either the Labor Commissioner or the Superior Court for hearing but if the initial petition was to the Labor Commissioner there was a right of appeal to the Superior Court. Laws of 1955, 98:10 provided as in the present RSA 281:37 that all disputes would be heard initially by the Labor Commissioner and by the Superior Court on appeal.

We agree that in the majority of jurisdictions judicial review

of awards is usually confined to questions of law. See Larson's Workmen's Compensation Law, *s.* 80.00. The fact that other states have statutes providing for restriction of appeals does not authorize us to interpret our statute contrary to its plain meaning. *Public Service Co.* v. *State,* 101 N. H. 154, 163. Here the statute provides the appeal to the Superior Court is for "hearing and award in the premises" and a "full trial." *Vogel* v. *Board &c. of Manchester,* 92 N. H. 195; *Bickford* v. *Franconia,* 73 N. H. 194. The language appears to require a trial *de novo* in the Superior Court to determine the rights of the claimant to compensation whether the employer or claimant is the appellant. Since it also appears that this language has been preserved by the Legislature from the time when the Superior Court was the only original tribunal through the period when it was an alternate tribunal and to its present position as an appeal tribunal the conclusion is inescapable that the same trial is intended now as then. The evident purpose of the Legislature in 1955 was to provide a quick informal hearing with the right to either party to obtain a more formal and extensive hearing on appeal to the Superior Court. See *Streeter* v. *New Eng. Box Co.,* 106 N. H. 146; *U. S. Fidelity &c. Company* v. *Gagne,* 102 N. H. 290.

The burden of proof in a trial of a workmen's compensation case is upon the claimant. 100 C.J.S., Workmen's Compensation, *s.* 516. Since the trial before the Superior Court is a trial *de novo* it does not shift. The claimant's motion is denied.

*Remanded.*

All concurred.