Merrimack
No. 85-017

## Kathleen Feuerstein

v.

## Anthony C. Gilmore & a., d/b/a Reprographics

February 27, 1986

*Tardif, Shapiro & Cassidy*, of Concord (*David E. Tardif* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Eileen Fox* on the brief and orally), for the defendants.

PER CURIAM. In accordance with RSA 491:17 and Supreme Court Rule 9, the Superior Court (*Cann*, J.) transferred without ruling the following question to this court: "Does New Hampshire RSA 281:37 Hearings and Awards limit the hearing on appeal to the evidence introduced at the Labor Department hearing?" We answer that in an appeal to the superior court under RSA 281:37, the parties may introduce all evidence admissible generally under the evidentiary and procedural rules that apply to superior court trials.

This question arises in an appeal filed by the plaintiff seeking reversal of a decision of the labor commissioner dated September 27, 1983. The commissioner denied the plaintiff's workers' compensation claim based on injuries allegedly suffered while she was employed by the defendants. After the filing of the appeal, the defendants requested that the plaintiff submit to an additional medical examination. Upon the plaintiff's refusal, the defendants filed a

motion for discovery seeking to compel the plaintiff to submit to the exam. The plaintiff objected to this motion, claiming that the appeal provided by RSA 281:37 was limited to a rehearing of the evidence introduced at the labor department hearing. The superior court granted the defendants' motion and then ordered this interlocutory transfer.

RSA 281:37, I, provides in relevant part that

> "[i]n the event of a controversey as to the responsibility . . . for the payment of compensation . . . , any party . . . may petition the labor commissioner . . . for a hearing and award. . . . At such hearing . . . it shall be incumbent upon all parties to present all available evidence. . . . An appeal from a decision of the commissioner . . . may be taken to the superior court. . . . At such hearing a full trial shall be had before a justice of the superior court. . . ."

When faced, as we are now, with a question of statutory interpretation, we must determine legislative intent. *Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). The statutory language is "the touchstone of the legislature's intention." *Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982) (citations omitted). "Where the language of a statute is plain, we will give the words their usual and customary meaning." *State v. Peabody*, 121 N.H. 1075, 1077, 438 A.2d 305, 307 (1981) (citation omitted).

"Full trial" is a clear phrase, which in normal English usage is understood to mean a trial in which all relevant evidence may be introduced, unless it must be excluded under the applicable evidentiary and procedural rules of the court. The extent of the evidence which may be presented at the "full trial" is not limited by the duty imposed upon the parties to present "all available evidence" at the labor department hearing. The legislature intended only to provide a "quick informal hearing" at the administrative level while providing the right to "obtain a more formal and extensive hearing" before the superior court. *Knight Broadcasting Co. v. Kane*, 109 N.H. 565, 567, 258 A.2d 355, 356 (1969). The legislature knows how to limit the scope of appeal in cases originating before an administrative agency, *compare* RSA 282-A:56 (Supp. 1985) *with* RSA 282-A:64 and :67 (Supp. 1985). It has not done so in this instance, and "full trial" will not be read to exclude from the full trial any evidence not presented at the administrative hearing.

*Remanded.*

SOUTER, J., dissented.

SOUTER, J., dissenting: I respectfully dissent from the answer given by the majority of the court, that in the trial of an appeal under RSA 281:37, I, the superior court may receive evidence available at the time of the administrative hearing but not presented here. They cite *Knight Broadcasting Co. v. Kane*, 109 N.H. 565, 258 A.2d 355 (1969) in distinguishing the "full trial" of an appeal in the superior court from a more summary proceeding appropriate to ensure prompt adjudication at the administrative level. From this they infer that the legislature did not intend to exclude from the trial any evidence available but not presented at the administrative hearing.

I believe that neither *Knight* nor the statute supports this position. *Knight* held that the statutory "full trial" on appeal to the superior court was not limited to questions of law, but was a trial *de novo* of all disputed issues. The court observed that the legislature evidently intended to provide for a quick and informal hearing before the labor commissioner, subject to a dissatisfied party's right to a full scale trial on appeal. *Knight Broadcasting Co. v. Kane, supra* at 567, 258 A.2d at 356.

That evident legislative intent did not endure for long after *Knight,* however. In the 1971 legislative session the General Court enacted the present requirement of RSA 281:37, I, that "it shall be incumbent on all parties to present all available evidence" at the administrative hearing. Laws 1971, 539:8.

This enactment of the "available evidence" requirement was apparently a response to *Knight,* indicating the legislature's intent to eliminate the option of treating the administrative hearing as a summary rehearsal and to require instead that there be full and serious litigation before the labor commissioner. But as this court recognized in *Charles & Nancy, Inc. v. Zessin,* 118 N.H. 556, 558, 391 A.2d 880, 882 (1978), that legislative intention and the statutory "available evidence" requirement are dead letters unless on appeal the superior court must exclude evidence available, but not presented, at the time of the administrative hearing. There is no other effective sanction to enforce the "available evidence" requirement. Consequently, I believe that the court's holding today effectively reads the 1971 amendment out of the statute.

I would not, however, rule in this case that the order requiring the further examination was error, or that the results of that examination would necessarily be inadmissible. The statute's exclusory effect is limited to evidence that was "available" but not offered at the administrative level. Evidence thus excludable in the superior court would not include evidence of changed conditions or evidence

that could not reasonably have been obtained in time for the administrative hearing. Counsel for the defendants has represented to the court that the results of the examination ordered in this case would fall within the latter category, if not the former. If the superior court should find this to be so, the evidence would be admissible without violence to the general rule excluding from the superior court trial any evidence that was available but not presented below.