Strafford County Probate Court
No. 86-380

## *In re* JOHN KEVIN B.

April 3, 1987

*Anthony S. Hartnett*, of Dover, by brief and orally, for the petitioner, Ann Marie B.

*Michael, Jones & Wensley*, of Rochester (*Phillip S. Rader* and *Gregory D. Wirth* on the brief, and *Mr. Rader* orally), for the respondent, Charles W. B.

BATCHELDER, J. This appeal from the Strafford County Probate Court's (*Cassavechia*, J.) dismissal of a mother's petition to terminate a father's parental rights raises the issue whether under RSA chapter 170-C the probate court has the power to terminate the parental rights of one parent if no adoption is then contemplated. We hold that contemplation of adoption is a factor to be considered in RSA chapter 170-C proceedings, not a prerequisite to those proceedings, and we reverse and remand.

Petitioner, Ann Marie B., married respondent, Charles W. B., on June 25, 1975. Their son, John Kevin B., was born on March 14, 1978. When the boy was approximately one and one-half years old, Ann Marie sued for divorce, alleging that Charles was abusive. A final decree of divorce was entered on September 8, 1980, and Ann Marie was granted permanent custody of John Kevin. Charles was granted reasonable visitation rights.

In the ensuing four and one-half years, Charles struggled with alcoholism, and he maintained only minimal contact with the petitioner and their son. The reasons for Charles's failure to maintain contact with his son are disputed. Ann Marie alleges that Charles's absence was the result of neglect and indifference, while Charles maintains that she frustrated his efforts to stay in contact with John Kevin. In any event, after this long absence, Charles filed a motion in superior court to enforce his visitation rights and a motion for contempt against Ann Marie. In response, Ann Marie filed a petition in Strafford County Probate Court to terminate Charles's parental rights, alleging abandonment as grounds therefor, although no adoption was pending or contemplated. The action in superior court was continued, pending the disposition of this petition. On August 6, 1986, the probate court dismissed the petition to terminate parental rights *sua sponte*, ruling that the statutory procedure of RSA chapter 170-C is unavailable when adoption is not in contemplation. The petitioner appealed.

The question before us is whether RSA chapter 170-C requires that adoption of a child be then contemplated for a probate court to terminate a parent's rights over that child. RSA 170-C:1 sets forth the purpose of the chapter and states, in part:

"Implicit in this chapter is the philosophy that whenever possible family life should be strengthened and preserved, and that *the parent child relationship is to be terminated only when the adoption of that child may be contemplated.*"

(Emphasis added.)

Respondent argues that the language emphasized above should be read to require contemplation of adoption prior to termination of

parental rights and, in support of this argument, cites Senator Gardner's statement that "[t]ermination may be undertaken only when adopting of the child is contemplated." N.H.S. JOUR. 1225 (vol. 1, 1973). Although this argument is not wholly without appeal, we reject it.

 When interpreting a statute, the touchstone of legislative intent is the statutory language itself, *Feuerstein v. Gilmore d/b/a Reprographics*, 127 N.H. 715, 716, 506 A.2d 327, 328 (1986), and when possible, a statute should be construed consistently with the plain meaning of its language, *Theresa S. v. Sup't. of YDC*, 126 N.H. 53, 55, 489 A.2d 592, 593 (1985). The reference to contemplation of adoption in RSA 170-C:1 is set forth in a statement of the philosophy of RSA chapter 170-C. Webster's Third New International Dictionary (Unabridged 1961) defines "philosophy" as follows: "3b: a basic theory concerning a particular subject, process, or sphere of activity. . . ." The plain meaning of the term "philosophy" indicates that the language which follows is intended to set forth guiding principles rather than inflexible requirements. Under this reading, contemplation of adoption is a factor to be considered in termination proceedings, not a prerequisite to those proceedings.

 Furthermore, "the meaning of a statute 'is to be determined from its construction as a whole and not by construction of isolated words and phrases.'" *King v. Town of Lyme*, 126 N.H. 279, 284, 490 A.2d 1369, 1372 (1985) (quoting *State v. Smith*, 124 N.H. 509, 512, 474 A.2d 987, 989 (1984)); *Theresa S. v. Sup't. of YDC supra*. RSA 170-C:1 must be read in conjunction with the other provisions of RSA chapter 170-C. RSA 170-C:11, III is particularly relevant to the issue before us. As originally enacted RSA 170-C:11, III provided, in part: "The parent-child relationship may be terminated with respect to one parent without affecting the relationship between the child and the other parent." This provision was clarified by a 1975 amendment. *See Hearings on HB 873, Relative to Procedures in Adoption and Termination of Parental Rights, Before the House Judiciary Committee*, April 25, 1975 (statement of James Bianco, Division of Welfare). As amended, RSA 170-C:11, III provides:

> "[T]he court may terminate the parent-child relationship with respect to one parent without affecting the relationship between the child and the other parent, and unless the court finds that the best interest of the child requires substitution or supplementation of parental care and supervision, it shall award guardianship and vest legal custody in the other parent."

This provision clearly and unambiguously provides the probate court with the power to terminate one parent's rights over a child, in accordance with the other provisions of the chapter, and "vest legal custody in the other parent" unless the child's best interest requires "substitution or supplementation of parental care or supervision." Adoption is one of the courses which the court should consider if it determines that "substitution or supplementation" are in the best interests of the child. However, the language of this provision makes it clear that contemplation of adoption is not required prior to the termination of parental rights. Therefore, we hold that a petitioner's contemplation of adoption for a child is one factor to be considered when determining a child's best interest in RSA chapter 170-C termination proceedings, not a prerequisite to those proceedings.

This holding is consistent with our prior case law. For example, in *In re Doe*, 123 N.H. 634, 465 A.2d 924 (1983), the division of welfare petitioned the probate court to terminate the parental rights of John and Jane Doe under RSA 170-C:5, IV, and the court terminated their rights. On appeal, the termination of John Doe's parental rights was upheld because his mental illness had "manifest[ed] itself in conduct . . . clearly detrimental to the best interests of the children." *Id.* at 642, 465 A.2d at 930. The termination of Jane Doe's parental rights, however, was reversed because both the record and the law were vague in regard to her situation. In so holding, we stated:

> "[T]ermination of one spouse's parental rights does not require termination of the rights of the other. *See In re Irene W.*, 121 N.H. [123,] 125, 427 A.2d [24,] 26 [(1981)]. . . . Before both parents' rights can be terminated based on the conduct of only one parent, the record must show that no other arrangement is feasible, such as supervised visitation by the parent for whom the record does not independently support termination until such time as that parent can ensure that the home is safe for the children."

123 N.H. at 643–44, 465 A.2d at 930–31. The court's recognition that contemplation of adoption is not required prior to termination of parental rights is implicit in the statements quoted and the result in *Doe. See also In re Irene W. supra.*

■ Ordinarily this discussion would resolve this case. However, the respondent argues in the alternative that, if RSA 170-C:1 does not require the petitioner to contemplate adoption for John Kevin as a prerequisite to termination proceedings, RSA chapter 170-C is "internally inconsistent and void for vagueness." We disagree. In

light of our ruling that contemplation of adoption is a factor to be considered in determining the best interest of the child rather than a requirement under RSA 170-C:1, this argument is without merit. Accordingly, the judgment of the probate court is reversed and this case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.