Merrimack
No. 91-379

PENRICH, INC.

v.

EVELYN SULLIVAN & a.

February 17, 1993

*Backus, Meyer & Solomon*, of Manchester (*B.J. Branch* on the brief and orally), for the plaintiff.

*Law Office of Donald R. Routhier*, of Somersworth (*Donald R. Routhier* and *John A.M. Hinsman III* on the brief, and *Mr. Routhier* orally), for the defendants.

BROCK, C.J.   The plaintiff, Penrich, Inc. (Penrich), appeals the Superior Court's (*Flynn*, J.) order requiring it to investigate and perform remedial work on all electrical services and septic systems located at the Bear Brook Villa manufactured housing park. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Penrich owns the Bear Brook Villa manufactured housing park (the park), located in Allenstown. The defendants are residents of the park who together comprise the board of directors of the Bear Brook Villa Tenants' Association (tenants' association). On January 26, 1989, Penrich sent written notice to the tenants of the park informing them of a monthly rental fee increase effective April 1, 1989. On March 22, 1989, the tenants' association sent a letter to Pennryn Fitts, a director of Penrich, notifying Penrich that certain tenants would be withholding payment of the rental increase because of alleged health and safety problems in the park.

Penrich filed a petition for declaratory judgment to determine whether the unilateral withholding of rent was legal. The tenants' association counterclaimed, alleging, *inter alia*, that electrical violations and septic system failures were creating health and safety conditions, and requesting that the court order relief, including the appointment of a receiver to manage the park and correct the alleged problems. After a hearing on November 17, 1989, at which the Superior Court (*Manias*, J.) heard offers of proof of health and safety violations, requests for temporary relief by either party were ordered "stayed pending a determination [by the court] pursuant to RSA 205-A:15." Subsequently, from December 11 through December 15, 1989, the Superior Court (*Flynn*, J.) heard evidence and thereafter issued an order requiring Penrich to perform a series of remedial measures.

We note that this case presents a somewhat unorthodox application of the provisions of RSA chapter 205-A in that the superior court treated the defendants' counterclaim to the plaintiff's petition for declaratory judgment as a petition under RSA 205-A:15. It is clear from the record, however, that the parties conducted themselves at the hearing in December 1989 as though it were a hearing pursuant to RSA chapter 205-A, and we will therefore consider this appeal under the procedural strictures of that statute.

RSA chapter 205-A provides a petition procedure for a mobile home owner who rents a lot in a mobile home park where a condition exists that may endanger health or safety. Section 15 requires

that a tenant filing a petition "set forth [in the petition] the defective condition and the reason that it poses a threat to . . . health and safety . . . [and] shall also state that the owner or his tenant has been notified of the condition not less than 14 days prior to filing of the petition." At the outset of the hearing on the merits and at several points during the hearing, Penrich objected to the introduction of evidence pertaining to electrical or septic violations of which Penrich had not received notice from the defendants. The trial court overruled those objections, which Penrich contends on appeal was error. Penrich also raises several issues concerning the scope of the court's order, but because we reverse the order in pertinent part and remand this matter, we address only the argument concerning the notice requirement. *See Nadeau v. Town of Durham*, 129 N.H. 663, 666, 531 A.2d 335, 337 (1987).

Resolution of this issue requires construction of the provisions of RSA chapter 205-A. Our analysis is guided by principles of statutory interpretation that require us to look first to the statutory language itself, *In re John Kevin B.*, 129 N.H. 286, 288, 525 A.2d 281, 282–83 (1987), and to construe the law in a manner consistent with its plain meaning. *Theresa S. v. Sup't of YDC*, 126 N.H. 53, 55, 489 A.2d 592, 593 (1985). The statute is specific that the owner of the park receive fourteen days' notice of the violations that form the grounds for the petition. The initial purpose of the notice period is to inform the owner of specific problems and to provide the owner an opportunity to investigate the allegations and correct them without court intervention.

On at least two occasions during the hearing the court admitted evidence of alleged violations without establishing whether prior notice, either written or oral, had been provided to Penrich, and we hold that such was error. To hold otherwise would contradict the plain language of the statute and deprive the park owner of the right to present evidence at the hearing that the alleged condition has been corrected or does not constitute a health or safety violation. Because the court's order requires Penrich to investigate the condition of and/or perform remedial work on electrical and septic systems on every lot in the park, it is clear that the tainted evidence was relied upon by the court. We therefore reverse the court's order in part and remand this matter for further proceedings. Nothing in this opinion is to be construed as prohibiting the defendants from giving proper notice to the plaintiff of any existing health and safety violations and filing a petition pursuant to RSA chapter 205-A.

We note that the parties also briefed the issue of whether tenants of a manufactured housing park are permitted to unilaterally withhold payment of rent without a court order authorizing such action. We think resolution of this question, as initially raised in the plaintiff's petition for declaratory judgment, most appropriately rests with the trial court on remand.

In view of the fact that the trial court improperly permitted the tenants to utilize RSA 205-A:15 as an affirmative defense to the landlord's petition and in the interests of judicial economy, we conclude that it would be inappropriate to require the tenants to relitigate their complaints concerning lots 5, 6, 10, 117, 125, 128, 142, 166, 176, 181 and 196, upon which the trial court has already made findings and issued its order thereon.

We affirm the order of the superior court with respect to the lots enumerated in the last paragraph but otherwise reverse and remand.

*Affirmed in part; reversed in part; remanded.*

All concurred.