Rockingham
No. 96-029

THE STATE OF NEW HAMPSHIRE

v.

KELSEY A. MARTIN

June 5, 1997

*Steven M. Houran*, acting attorney general (*Richard J. Lehmann*, attorney, on the brief and orally), for the State.

*David M. Rothstein*, public defender, of Dover, by brief and orally, for the defendant.

*Kelsey A. Martin*, by brief, *pro se.*

BRODERICK, J. The defendant, Kelsey A. Martin, was convicted of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996). On appeal, he argues that the Superior Court (*Gray*, J.) erred in denying his motion to depose the victim's physician, who testified at trial. The defendant also argues, among other things, that the trial court failed to properly apply the standard of *State v. Gagne*, 136 N.H. 101, 105, 612 A.2d 899, 901 (1992), to his request for access to certain medical records, that the evidence was insufficient to support his conviction, and that the county attorney made several improper comments during the course of the trial. We reverse the defendant's conviction because he was entitled to take the deposition he sought.

The defendant was charged with sexually molesting the four-year-old female victim after a party at her mother's home. Prior to trial the defendant moved to depose the victim's treating physician, whom the State indicated would be a witness at trial. The motion was filed pursuant to RSA 517:13, which states that "[i]n any felony case either party may take a discovery deposition of any expert witness who may be called by the other party to testify at trial." RSA 517:13, III (Supp. 1996). The State objected to the motion on the basis that the physician's findings were "neither surprising, nor complicated" and that there was no need for a deposition. On appeal, the State elaborates on this argument by asserting that the victim's treating physician was not an expert witness, but instead "an ordinary witness testifying to her own personal, first-hand knowledge." The trial court agreed with the State's reasoning, stating at one point that the doctor was "not an expert witness [but] . . . the treating physician." The trial court denied the defendant's motion and also denied a companion motion to obtain the services of an expert-physician to assist defense counsel in understanding the treating physician's testimony. At trial the defendant renewed his motion to depose the physician, and further urged the trial court to enforce its pretrial ruling restricting the doctor's testimony to lay observations. Following his conviction, the defendant brought this appeal.

We note at the outset that if the victim's treating physician is an expert witness, the plain language of the statute expressly allows the defendant to take her deposition. *See* RSA 517:13, III; *see*

*also Penrich, Inc. v. Sullivan*, 140 N.H. 583, 589, 669 A.2d 1363, 1367 (1995) (when court interprets a statute "we examine the statutory language itself and construe the law consistently with its plain meaning"). Under RSA 517:13, III, a party to a felony case "may take a discovery deposition of any expert witness who may be called by the other party to testify at trial." While the trial court has the discretion to grant or deny a deposition of a lay witness, *see* RSA 517:13, II (Supp. 1996); *State v. Chick*, 141 N.H. 503, 505, 688 A.2d 553, 554-55 (1996), it is not accorded similar discretion with expert witnesses. *See* RSA 517:13, III. While the statute requires the court to make a finding of necessity before ordering the deposition of a lay witness, RSA 517:13, II, no such finding is required before an expert witness may be deposed. *See* RSA 517:13, III. We therefore read the statute to provide the defendant with the right to depose the State's expert witnesses in felony cases. *See State v. Farrow*, 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995) (per curiam) (court interprets statutes "in the context of the overall statutory scheme"). Accordingly, the dispositive question in this case is whether the trial court correctly determined that the victim's physician was not an expert.

■ "An expert witness is one who testifies concerning matters of scientific, mechanical, professional or other like nature, which requires special study, experience, or observation not within the common knowledge" of the general public. *State v. Fyffe*, 588 N.E.2d 137, 139 (Ohio Ct. App. 1990); *see McMullin v. Downing*, 135 N.H. 675, 679, 609 A.2d 1226, 1229 (1992); *Dowling v. Shattuck*, 91 N.H. 234, 236, 17 A.2d 529, 532 (1941). Simply possessing a professional degree does not make one an expert witness in all circumstances: "Where a person who might otherwise be qualified as an expert testifies as to personal or first-hand knowledge, such a witness should be treated as an ordinary witness and not as an expert." *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 167-68, 551 A.2d 962, 970 (1988). Thus, medical professionals may testify as lay witnesses when they confine their testimony to "personal observations which any lay person [would be] capable of making." *State v. Tucker*, 861 P.2d 37, 46 (Haw. Ct. App.), *cert. denied*, 863 P.2d 989 (Haw. 1993), *cert. denied*, 895 P.2d 1193 (Haw. 1993).

■ Lay witnesses, however, may not testify competently about a medical diagnosis, *Doyle v. State*, 785 P.2d 317, 322 (Okla. Crim. App. 1989); *cf. Bentley v. Adams*, 100 N.H. 377, 379, 128 A.2d 202, 204 (1956), and, more generally, may not draw conclusions which require the application of specialized medical knowledge. *See Common-*

*wealth v. White*, 106 N.E.2d 419, 420 (Mass. 1952). A lay witness may relate another's medical ailments when manifested as "a readily observable physical condition, which does not require a complex application of technical knowledge." *Commonwealth v. Cody*, 584 A.2d 992, 995 (Pa. Super. Ct.), *appeal denied*, 592 A.2d 42 (Pa. 1991). If in order to testify a witness must possess some training or expertise that is atypical of the public at large, the witness should be treated as an expert. *Cf. Sample v. State*, 643 So. 2d 524, 529-30 (Miss. 1994) (plurality opinion) (opinion testimony must be considered expert testimony if "in order to express the opinion, the witness must possess some experience or expertise beyond that of the average, randomly selected adult").

■ In light of these considerations, it is apparent that the victim's physician testified in her expert capacity in this case. Her testimony began with a recitation of professional qualifications. She proceeded to explain the anatomical structure of female genitalia to the jury, using a medical chart to illustrate her discussion. She then described the conditions she had discovered during a physical examination of the victim, marking the chart to indicate their location. Certainly a lay witness would not have been allowed to instruct the jury on anatomy, and the results of an internal gynecological exam do not constitute "a readily observable physical condition, which does not require a complex application of technical knowledge." *Cody*, 584 A.2d at 995. A review of the physician's testimony reveals that it was infused with specialized knowledge. For example, the doctor testified that the victim's hymen

> was swollen and red. Normally, the hymen area is a thin, translucent, pink membrane. And although it's translucent, it is very, very tough. And it was swollen and red. And it — there were two tears in the hymen at approximately four o'clock and seven o'clock.

This informed review went beyond mere observation and required professional training not possessed by the public at large.

■ The State's contention that our decision in *Gelinas*, 131 N.H. at 167-68, 551 A.2d at 970, stands for the proposition that a professional who testifies to personal or first-hand knowledge should always be treated as an ordinary witness and not an expert misses the point. The focus is not solely on whether a professional speaks from personal observation, but also whether the personal observations require specialized skills not within the ken of the ordinary person. While, in this case, the victim's doctor offered no

opinions to the jury, her observations and findings — some based on an internal gynecological examination — required special skills and knowledge not possessed by the average layperson. Although there are certainly instances when a physician might relate observations concerning injury or trauma which would not be deemed expert testimony, *cf. id.* at 167-68, 551 A.2d at 970, the testimony in the present case was not so constrained. The trial court therefore erred when it refused to treat the physician as an expert witness. The State does not argue that the trial court's error was harmless, *see State v. Vachon*, 139 N.H. 540, 544, 659 A.2d 426, 429 (1995), and we therefore reverse and remand for a new trial.

The defendant argues that the evidence introduced at his trial was insufficient to support his conviction. After review of the record in the light most favorable to the State, we find the evidence sufficient to warrant the conviction. *See State v. Wade*, 136 N.H. 750, 757, 622 A.2d 832, 836 (1993). We leave all remaining issues in this appeal to the trial court for its resolution should they arise upon retrial.

*Reversed and remanded.*

All concurred.