# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0627, <u>Exeter River MHP Cooperative, Inc. v. Catherine Brown & a.</u>, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

Defendant Gayle Brown (tenant) appeals an order of the Circuit Court (<u>LeFrancois</u>, J.), following a bench trial, evicting her and a co-defendant from a manufactured housing park for nonpayment of rent. <u>See</u> RSA 205-A:3, :4, I, :9 (2011); RSA 540:5, :12, :13 (2007 & Supp. 2015). We construe her brief to argue that the trial court erred by ruling that she did not meet her burden to prove that she properly withheld rent due to a substantial violation of the standards of fitness for health and safety. <u>See</u> RSA 540:13-d (2007).

RSA 540:13-d provides an affirmative defense to a possessory action based upon nonpayment of rent when the leased premises "are in substantial violation of the standards of fitness for health and safety set forth in RSA 48-A or in local codes, ordinances or bylaws established pursuant thereto, and such violation materially affects the habitability of said premises." RSA 540:13-d, I; <u>see</u> <u>Liam Hooksett, LLC v. Boynton</u>, 157 N.H. 625, 630 (2008); <u>Penrich, Inc. v. Sullivan</u>, 140 N.H. 583, 589 (1995). Among other requirements, the statute obligates a tenant to "prove[] by clear and convincing evidence that, while not in arrears in rent, [the tenant] provided notice of the violation to the person to whom [the tenant] customarily pays rent." RSA 540:13-d, I(a) (emphasis added); <u>see</u> <u>Liam Hooksett, LLC</u>, 157 N.H. at 630.

In this case, the plaintiff, Exeter River MHP Cooperative, Inc. (landlord), introduced evidence establishing that it served the tenant with a demand for rent owed from April 1, 2015, to July 31, 2015, and that the tenant failed to pay such rent. After the landlord rested, the tenant introduced testimony from a member of the landlord's board of directors that the tenant had provided the board with a letter notifying it that she would be withholding rent due to a problem with the water. When the board member, on cross-examination, testified that he did not have a copy of the letter with him, the landlord's trial counsel, who is different from its appellate counsel, objected, stating, "Your Honor, on the basis of that, . . . I move to strike that the written documentation as hearsay [<u>sic</u>], and should've been produced." The trial court overruled the objection, and when the tenant interjected that she had provided a "copy of the

letter to the other attorney," the trial court responded, "the evidence is what the witness has testified to[;] . . . it's no more, it's no less."

On cross examination of the tenant, in response to a question whether she had paid rent since April 1, 2015, she answered, "I actually haven't paid rent March 1st [sic] when I gave them the letter about the water, correct." The tenant did not introduce a copy of the notice itself.

The trial court rejected the RSA 540:13-d defense, reasoning as follows:

> The defendants raised a defense that they were withholding rent because of a water problem. The evidence was disputed as to whether a written notice was provided and when it was provided. The defendants have the burden to establish by clear and convincing evidence that the written notice was provided to the landlord prior to any rent being in arrears. The notice was not provided and the evidence was disputed as to when any such notice might have been provided. Accordingly, the defendants have not met their burden of proof on that issue.

We will not disturb the trial court's findings unless they lack evidentiary support or are erroneous as a matter of law. Miller v. Slania Enters., 150 N.H. 655, 659 (2004). We review its legal conclusions, as well as the application of law to fact, independently for plain error. Id.

The tenant argues that she in fact provided written notice to the landlord on March 1, 2015, that she gave a copy of the notice to the supervisor of the landlord's trial counsel prior to trial, that trial counsel falsely denied the notice's existence, and that, had trial counsel confirmed its existence, the outcome of the case would have been different. She has appended to her brief, without objection from the landlord, a copy of a handwritten letter dated March 1, 2015, which she asserts is the March 1, 2015 notice. The landlord counters that, because the tenant never offered the letter into evidence, and because she offered no testimony as to when she provided it to the landlord, or that she was then current in her rent, the trial court properly found that she had failed to carry her burden of proof under RSA 540:13-d.

Notably, however, the landlord does not dispute on appeal that it in fact received the March 1, 2015 letter appended to the tenant's brief. Nor did it offer any evidence or argument at trial contesting that it had received written notice that the tenant would be withholding rent due to a problem with the water. Moreover, we note that the landlord's assertion that the tenant offered no evidence as to when she provided the notice or that she was not then in arrears is directly contradicted by her testimony that she had not "paid rent [since] March 1st when [she] gave [the landlord] the letter about the water."

2

    We conclude, therefore, that the trial court erred as a matter of law in finding that "[t]he evidence was disputed as to whether a written notice was provided and when it was provided." Because the trial court's ruling that the tenant failed to carry her burden of proof as to her RSA 540:13-d defense was based upon this erroneous finding, we vacate its order and remand for the trial court to reconsider the RSA 540:13-d defense, and for such further proceedings as may be necessary. We leave to the trial court's discretion whether a further evidentiary hearing is required to comply with this order.

<u>Vacated and remanded</u>.

    Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**